J-A17013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| J.F. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| J.C.M. | |
| Appellant | No. 215 EDA 2014 |

Appeal from the Order Entered December 13, 2013
In the Court of Common Pleas of Northampton County
Domestic Relations at No(s): C-48-CV-2013-2181

BEFORE:  GANTMAN, P.J., PANELLA, J., and STABILE, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED AUGUST 04, 2014**

Appellant, J.C.M. ("Mother"), appeals *pro se* from the order entered in the Northampton County Court of Common Pleas, which found Mother in civil and indirect criminal contempt of court.[1]  We affirm.

In its opinions, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Mother raises four issues for our review:

---

[1] In its order, the court kept in place the parties' previous custody arrangement as to their minor child, J.M. ("Child"), in which Mother had primary physical custody of Child and Appellee, J.F. ("Father"), had partial physical custody of Child, but changed the days on which Father exercised partial physical custody.

DID THE TRIAL COURT ABUSE ITS DISCRETION IN DENYING [MOTHER] A FAIR TRIAL, OF REASONABLE AND LEGAL DECISIONS, OF THAT INCLUDING, BUT NOT LIMITED TO: A) BIAS/PREJUDICE BEHAVIORS; B) EXTREME/HARSH SANCTIONS/VERDICT; C) DENYING "EXPERT WITNESS"…TESTIMONY; D) FACTUAL FINDINGS; E) INEFFECTIVE COUNSEL; F) PERSONAL OPINIONS OF MATTER[?]

WAS THERE A PATTERN OF ABUSE OF DISCRETION IN **ANY** WAY THROUGHOUT EACH PAST HISTORY OF COURT APPEARANCE AND/OR ANY OTHER RELEVANT FACTOR, WHICH COULD GREATLY ALTER THE FINDINGS AND VERDICT OF COURT TRIAL/ORDER OF DECEMBER 13, 2013?

DID THE TRIAL COURT ERR WITH INFRINGING ON CONSTITUTIONAL RIGHTS: A) AMENDMENT I; B) AMENDMENT V[?]

DID THE TRIAL COURT PLACE A CUSTODY ORDER APPROPRIATELY TO SPECIFIC MINOR CHILD DATED DECEMBER 13, 2013 IN ACCORDANCE TO **THE BEST INTEREST STANDARD**?

(Mother's Brief at 4-5) (emphasis in original).

As a prefatory matter we note that, although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. *First Union Mortg. Corp. v. Frempong*, 744 A.2d 327 (Pa.Super. 1999) (stating *pro se* status does not entitle party to any particular advantage because of her lack of legal training). Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of Court. *Jones v. Rudenstein*, 585 A.2d 520 (Pa.Super. 1991), *appeal denied*, 529 Pa. 634, 600 A.2d 954 (1991). Appellate briefs must conform in all material respects to the briefing

- 2 -

requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Rosselli v. Rosselli*, 750 A.2d 355 (Pa.Super. 2000), *appeal denied*, 564 Pa. 696, 764 A.2d 50 (2000) (citing Pa.R.A.P. 2101). ***See also*** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of brief on appeal).

Regarding the statement of the case section of an appellate brief, Rule 2117 provides, in pertinent part:

**Rule 2117.  Statement of the Case**

**(a)  General rule.**—The statement of the case shall contain, in the following order:

(1)  A statement of the form of action, followed by a brief procedural history of the case.

(2)  A brief statement of any prior determination of any court or other government unit in the same case or estate, and a reference to the place where it is reported, if any.

(3)  The names of the judges or other officials whose determinations are to be reviewed.

(4)  A closely condensed chronological statement, in narrative form, of all the facts which are necessary to be known in order to determine the points in controversy, with an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found.  ***See*** Rule 2132 (references in briefs to the record).

(5)  A brief statement of the order or other determination under review.

**(b)  All argument to be excluded.**—The statement of the case shall not contain any argument.  It is the responsibility of appellant to present in the statement of the case a balanced presentation of the history of the proceedings and the respective contentions of the parties.

- 3 -

Pa.R.A.P. 2117(a), (b).  ***See also Canal Side Care Manor, LLC v. Pennsylvania Human Relations Commission***, 30 A.3d 568 (Pa.Cmwlth. 2011) (stating appellate brief failed to conform to Pennsylvania Rules of Appellate Procedure where, *inter alia*, appellant's statement of case omitted relevant facts critical to decide case); ***Jones v. Jones***, 878 A.2d 86 (Pa.Super. 2005) (explaining wife failed to comply with Rule 2117(b) where her statement of case was argumentative in tone and did not contain balanced presentation of history of proceedings and respective contentions of parties).

Additionally, as to the argument section of an appellate brief, Rule 2119(a) provides:

> **Rule 2119.  Argument**
>
> **(a)  General rule.**—The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).  Importantly, where an appellant fails to properly raise or develop her issues on appeal, or where her brief is wholly inadequate to present specific issues for review, a court will not consider the merits of the claims raised on appeal.  ***Butler v. Illes***, 747 A.2d 943 (Pa.Super. 2000) (holding appellant waived claim where she failed to set forth adequate argument concerning her claim on appeal; appellant's argument lacked meaningful substance and consisted of mere conclusory statements;

appellant failed to cogently explain or even tenuously assert why trial court abused its discretion or made error of law).  ***See also Lackner v. Glosser***, 892 A.2d 21 (Pa.Super 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention); ***Estate of Haiko v. McGinley***, 799 A.2d 155 (Pa.Super. 2002) (stating rules of appellate procedure make clear appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned discussion of law in appellate brief, this Court's ability to provide appellate review is hampered, necessitating waiver of issue on appeal).

Instantly, Mother is *pro se* on appeal.  Mother's statement of the case consists of her "spin" on the facts.  Mother omits relevant facts necessary to decide the issues on appeal, and instead provides unsupported conclusions of law and complaints about the trial judge's purported bias.  Mother's one-sided statement of the case fails to provide a balanced presentation of the history of proceedings and respective contentions of parties, in direct contravention with the requirements of Rule 2117.  ***See*** Pa.R.A.P. 2117; ***Canal Side Care Manor, supra***; ***Jones, supra***.  Further, the argument portion of Mother's brief is not divided into separate sections for each question to be argued.  ***See*** Pa.R.A.P. 2119(a).  More importantly, Mother's

brief fails to present any cogent arguments, and does not contain meaningful discussion of, or citation to, relevant legal authority. *See id.* Mother's failure to develop her claims properly on appeal precludes meaningful review and constitutes waiver of her issues for appellate purposes. *See Lackner, supra*; *Estate of Haiko*; *Butler, supra*. *See also In re C.P.*, 901 A.2d 516 (Pa.Super. 2006) (holding mother's failure to support claim on appeal with relevant legal authority or discussion precluded appellate review of issue).

Moreover, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinions of the Honorable Stephen G. Baratta, we conclude that even if Mother had properly preserved her issues for our review, her claims would nevertheless merit no relief. The trial court opinions comprehensively discuss and properly dispose of the questions presented. (*See* Trial Court Opinion, filed January 22, 2014, at 1-3; Trial Court Opinion, filed December 13, 2013, at 12-17) (finding: Mother was uncooperative, unreasonable, and impeded Father's attempts to visit with Child; notwithstanding Mother's agreement at time of August 2013 custody order to allow Father overnight visits with Child, Mother refused to allow Father to exercise his periods of custody; nothing in record suggests Father is incapable resource for Child; Father is intelligent, respectful, and well-intentioned litigant; Father's testimony was credible; Father completed parenting class; Mother failed to present any specific incidents indicating

Father's alleged lack of parenting skills; Mother presented no evidence to suggest Father's home is inappropriate; record does not support Mother's claim that Child would be at nutritional risk in Father's custody; Mother did not present medical testimony to support her contention that she must breastfeed Child every three to four hours; Father called Child's pediatrician to testify, who made clear there was no directive or medical need to deny Father overnight visits with Child so Mother could breastfeed Child; court rejected Mother's defense that her desire to breastfeed Child every three to four hours is legitimate excuse to deny Father reasonable partial physical custody; Mother's claims that Father was unavailable for visits with Child were unfounded; Mother admitted she was unwilling to comply with custody order because she deemed Father unworthy of independent physical custody of Child outside of her presence; Mother lacked reasonable justification for her failure to comply with custody order; due to Mother's violations of custody order, Father missed numerous visits with Child; Mother's actions in prohibiting Father's contact with Child were willful and intentional; Father is entitled to recovery of make-up visits with Child and attorney's fees in prosecuting contempt petition; Father's request to transfer primary physical custody is not in Child's best interests at this time).[2]   Accordingly, we

_____

[2] At page 15 of its December 13, 2013 opinion, the court inadvertently cited the statute governing factors to consider when awarding custody as 53 Pa.C.S.A. § 5328; the correct citation is 23 Pa.C.S.A. § 5328.

conclude Mother's issues are waived for appellate review; had Mother properly preserved her claims, we would have affirmed on the basis of the trial court's opinions.[3]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/4/2014

---

[3] On July 1, 2014, Mother filed a *pro se* letter with this Court, asking for review of a transcript in this matter dated November 8, 2013, which Mother alleged was missing from the certified record; Mother attached a copy of the transcript to the letter. Our review of the record confirms the relevant transcript was made part of the certified record as a supplemental record. Thus, we deny Mother's open motion as moot.