J-A24002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| E.C. BONES CONSTRUCTION CONTRACTORS, INC. D/B/A/ E.C. BONES, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRIDGEPORT MARKETPLACE, LLC | |
| Appellant | No. 1973 EDA 2013 |

Appeal from the Order May 14, 2013
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2012-32189

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:              **FILED SEPTEMBER 19, 2014**

Appellant, Bridgeport Marketplace, LLC, appeals from the order entered in the Montgomery County Court of Common Pleas, overruling its preliminary objections to the complaint filed by Appellee, E.C. Bones Construction Contractors, Inc. d/b/a E.C. Bones, Inc.  We affirm.

The trial court opinion fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.  Nevertheless, we briefly summarize the facts most pertinent to this case as follows.  On March 18, 2010, Appellant (owner) and Appellee (general contractor) entered into a construction agreement ("Construction Agreement") for the first phase of a project called the Fourth Street

_____

*Retired Senior Judge assigned to the Superior Court.

Marketplace ("the Project"). On May 18, 2010, the parties signed an addendum to the Construction Agreement ("Addendum") that included, *inter alia*, an arbitration provision requiring all claims arising out of the Construction Agreement to proceed to arbitration.

That same day, Fourth Street Marketplace, LLC, as borrower, Erik C. Bones and Faith C. Bones as sureties, Abington Bank, and Appellant entered into a forbearance agreement ("Forbearance Agreement"). Pursuant to ¶ 7 of the Forbearance Agreement, in the event Appellant terminated Appellee from the Project, Appellant "shall be responsible to compensate [Appellee's] subcontractors for work performed at the project through the date of said termination." (Forbearance Agreement, dated May 18, 2010, at ¶ 7). Significantly, the Forbearance Agreement does not contain an arbitration clause. On September 13, 2010, Appellant terminated Appellee from the Project.

On September 14, 2010, Scott Building Corp. t/a Scott Contractors, Inc. ("Scott"), one of Appellee's subcontractors, sued Appellee in the Montgomery County Court of Common Pleas at docket No. 2010-27166 ("the Scott case") to recover $88,997.59, the balance due for labor and materials provided to the Project, pursuant to a subcontract agreement. On December 27, 2010, Appellee filed a joinder complaint against Appellant, Abington Bank, and the Borough of Bridgeport. Appellee amended the joinder complaint on January 26, 2011, alleging breach of the Construction

- 2 -

Agreement, conspiracy to cause breach of the Construction Agreement, and intentional interference with the Construction Agreement. Appellant and the additional joinder defendants filed preliminary objections on February 24, 2011, seeking, *inter alia*, dismissal of the amended joinder complaint based on the arbitration clause in the Addendum to the Construction Agreement. On November 27, 2012, the court sustained the preliminary objections, dismissed the amended joinder complaint, and sent the joinder claims against Appellant and the other joinder defendants to arbitration.

On November 30, 2012, Appellee sent Appellant a letter demanding payment in full to Appellee's subcontractors within ten days, pursuant to ¶ 7 of the Forbearance Agreement. On December 4, 2012, counsel for Appellee sent another demand letter to Appellant seeking $105,970.90 due and owing to several subcontractors for work performed on the Project. Appellant did not remit payment to the subcontractors. On December 13, 2012, Erik C. Bones and Faith C. Bones assigned to Appellee their right, title and interest to all claims and actions against Appellant, arising under ¶ 7 of the Forbearance Agreement.

On December 19, 2012, Appellee filed the current complaint against Appellant, alleging breach of the Forbearance Agreement and demanding all monies due to the subcontractors. On January 23, 2012, Appellant filed preliminary objections for dismissal of the current complaint, based on the court's decision in the Scott case to send Appellee's joinder Construction

Agreement claims against Appellant to arbitration. Following argument, the court overruled Appellant's preliminary objections on May 14, 2013, and refused to send Appellee's new complaint to arbitration because it was grounded on the Forbearance Agreement, which did not contain an arbitration provision. On May 17, 2013, Appellant filed a petition for permission to file an interlocutory appeal, or alternatively, for reconsideration of the order overruling its preliminary objections. The trial court denied Appellant's petition on May 31, 2013. On June 11, 2013, Appellant filed a petition for immediate review in this Court, which this Court granted by *per curiam* order dated July 18, 2013.[1] On July 23, 2013, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed on July 26, 2013.

Appellant raises the following issues for our review:

WHETHER THE TRIAL COURT ERRED IN OVERRULING [APPELLANT'S] PRELIMINARY OBJECTION IN THE NATURE OF A DEMURRER PURSUANT TO THE COORDINATE JURISDICTION/RULE OF CASE DOCTRINE?

WHETHER THE TRIAL COURT ERRED IN OVERRULING [APPELLANT'S] PRELIMINARY OBJECTION IN THE NATURE

_____

[1] **See** 42 Pa.C.S.A. § 7320(a) (permitting immediate appeal from order denying application to compel arbitration). **Compare Rosy v. National Grange Mut. Ins. Co.**, 771 A.2d 60 (Pa.Super. 2001) (quashing appeal from order compelling arbitration; explaining order directing arbitration is interlocutory and is not immediately appealable because parties are forced into, rather than out of, court).

- 4 -

OF A DEMURRER SEEKING TO ENFORCE THE
ARBITRATION CLAUSE?

WHETHER THE TRIAL COURT ERRED IN OVERRULING
[APPELLANT'S] PRELIMINARY OBJECTION IN THE NATURE
OF A DEMURRER REGARDING A PRIOR PENDING ACTION?

WHETHER THE TRIAL COURT ERRED IN OVERRULING
[APPELLANT'S] PRELIMINARY OBJECTION IN THE NATURE
OF A DEMURRER PURSUANT TO THE COORDINATE
RELEASE CLAUSE OF THE FORBEARANCE AGREEMENT?

(Appellant's Brief at 9).

Initially we observe:

When considering the appropriateness of a ruling on
preliminary objections, the appellate court must apply the
same standard as the trial court.

Preliminary objections in the nature of a demurrer test the
legal sufficiency of the complaint. When considering
preliminary objections, all material facts set forth in the
challenged pleadings are admitted as true, as well as all
inferences reasonably deducible therefrom. Preliminary
objections which seek the dismissal of a cause of action
should be sustained only in cases in which it is clear and
free from doubt that the pleader will be unable to prove
facts legally sufficient to establish the right to relief. If any
doubt exists as to whether a demurrer should be
sustained, it should be resolved in favor of overruling the
preliminary objections.

***Richmond v. McHale***, 35 A.3d 779, 783 (Pa.Super. 2012) (quoting

***Feingold v. Hendrzak***, 15 A.3d 937, 941 (Pa.Super. 2011)). Additionally:

We review a trial court's denial of a motion to compel
arbitration for an abuse of discretion and to determine
whether the trial court's findings are supported by
substantial evidence. In doing so, we employ a two-part
test to determine whether the trial court should have
compelled arbitration. The first determination is whether a
valid agreement to arbitrate exists. The second

> determination is whether the dispute is within the scope of the agreement.
>
>                   *   *   *
>
> Arbitration is a matter of contract, and parties to a contract cannot be compelled to arbitrate a given issue absent an agreement between them to arbitrate that issue. Even though it is now the policy of the law to favor settlement of disputes by arbitration and to promote the swift and orderly disposition of claims, arbitration agreements are to be strictly construed and such agreements should not be extended by implication.

**Elwyn v. DeLuca**, 48 A.3d 457, 461 (Pa.Super. 2012) (internal citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Thomas P. Rogers, we conclude Appellant's first three issues on appeal merit no relief. The trial court opinion comprehensively discusses and properly disposes of those questions. (**See** Trial Court Opinion, filed April 4, 2014, at 9-16) (finding: arbitration provision in Addendum to Construction Agreement compelled arbitration of Appellee's amended joinder complaint based on that agreement in Scott case; conversely, current case against Appellant is based on Forbearance Agreement executed by Fourth Street Marketplace, LLC, Erik C. Bones and Faith C. Bones (who have since assigned their interests under Forbearance Agreement to Appellee), Abington Bank, and Appellant; arbitration provision in Addendum to Construction Agreement does not apply in current case; thus, court's decision to overrule Appellant's preliminary

objections in current case does not conflict with court's ruling on amended joinder complaint in Scott case, and no violation of coordinate jurisdiction rule occurred; *lis pendens* doctrine similarly fails, where current case and Scott case are based on different contracts). Therefore, with respect to Appellant's first, second, and third issues on appeal, we affirm on the basis of the trial court's opinion.[2]

In its fourth issue, Appellant argues ¶ 15(a) of the Forbearance Agreement releases Abington Bank and Appellant (Abington Bank's assignee), from all claims arising under the Forbearance Agreement. Appellant asserts that under ¶ 15(b) of the Forbearance Agreement, Erik C. Bones and Faith C. Bones expressly agreed not to litigate released claims. Appellant contends these clauses of the Forbearance Agreement bar Appellee from litigating its cause of action on behalf of Erik C. Bones and Faith C. Bones. Appellant concludes Appellee's new complaint should have been dismissed for these reasons as well. We disagree.

Preliminarily, we observe that appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Rosselli v. Rosselli*, 750 A.2d 355 (Pa.Super. 2000), *appeal denied*, 564 Pa. 696, 764 A.2d 50 (2000) (citing

---

[2] To the extent Appellee's cause of action on the Forbearance Agreement includes claims on behalf of Scott, Scott's recovery must be limited to no more than the amount claimed in the Scott case (exclusive of interest and costs) and cannot be duplicated.

Pa.R.A.P. 2101). ***See also*** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of brief on appeal). Regarding the argument section of an appellate brief, Rule 2119(a) provides:

**Rule 2119. Argument**

   **(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Importantly:

   The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities. This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority. Failure to cite relevant legal authority constitutes waiver of the claim on appeal.

***In re Estate of Whitley***, 50 A.3d 203, 209 (Pa.Super. 2012), *appeal denied*, 620 Pa. 724, 69 A.3d 603 (2013) (internal citations and quotation marks omitted). ***See also Lackner v. Glosser***, 892 A.2d 21 (Pa.Super 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention); ***Estate of Haiko v. McGinley***, 799 A.2d 155 (Pa.Super. 2002) (stating rules of appellate procedure make clear appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned

discussion of law in appellate brief, this Court's ability to provide appellate review is hampered, necessitating waiver of issue on appeal).

Instantly, Appellant failed to cite any legal authority to support its argument that ¶ 15(a) of the Forbearance Agreement releases it from Appellee's claims arising out of the Forbearance Agreement. Likewise, Appellant cites no legal authority to support its contention that ¶ 15(b) of the Forbearance Agreement bars Appellee, as assignee of Erik C. Bones and Faith C. Bones, from litigating this cause of action against Appellant. Appellant's failure to develop its fourth issue on appeal with citation to relevant legal authority precludes meaningful review and constitutes waiver on appeal. *See* Pa.R.A.P. 2119(a); Pa.R.A.P. 2101; **Whitley, supra**; **Lackner, supra**; **Haiko, supra**.

Moreover:

> [T]he interpretation of any contract is a question of law and this Court's scope of review is plenary. Moreover, we need not defer to the conclusions of the trial court and are free to draw our own inferences. In interpreting a contract, the ultimate goal is to ascertain and give effect to the intent of the parties as reasonably manifested by the language of their written agreement. When construing agreements involving clear and unambiguous terms, this Court need only examine the writing itself to give effect to the parties' understanding. This Court must construe the contract only as written and may not modify the plain meaning under the guise of interpretation.

**Nevyas v. Morgan**, 921 A.2d 8, 15 (Pa.Super. 2007) (quoting **Currid v. Meeting House Restaurant, Inc.**, 869 A.2d 516, 519 (Pa.Super. 2005), *appeal denied*, 584 Pa. 694, 882 A.2d 478 (2005)).

Instantly, ¶ 15 of the Forbearance Agreement provides, in pertinent part:[3]

15.     **RELEASE AND INDEMNIFICATION**.  In order to induce Bank and Assignee to enter into this Agreement, Obligors do hereby agree as follows:

**(a) Release**.  Obligors hereby fully, finally and forever acquit, quitclaim, release and discharge Bank and Assignee and their officers, directors, managers, employees, agents, counsel, successors and assigns of and from any and all obligations, claims, liabilities, damages, demands, debts, liens, deficiencies or cause or causes of action to, of or for the benefit (whether directly or indirectly) of any obligor, at law or in equity, known or unknown, contingent or otherwise, whether asserted or unasserted, whether now known or hereafter discovered, whether statutory in contract or in tort, as well as any other kind or character of action now held, owned or possessed (whether directly or indirectly) by any obligor on account of, arising out of, related to or concerning, whether directly or indirectly, proximately or remotely (i) the negotiation, review, preparation or documentation of the loan documents or any other documents or agreements executed in connection therewith, (ii) the administration of the loan documents; (iii) the enforcement, protection or preservation of Bank's or Assignee's rights under the loan documents, or any other documents or agreements executed in connection therewith, and/or (iv) any action or inaction by Bank or Assignee in connection with any such documents, instruments, and agreements (the "Released Claims").

**(b)  Covenant Not to Litigate**.  Obligors do hereby agree that they will never prosecute, nor voluntarily aid in the prosecution of, any action or proceeding relating to the Released Claims, whether by claim, counterclaim, or

_____

[3] The Forbearance Agreement denotes Fourth Street Marketplace, LLC and Erik C. Bones and Faith C. Bones, collectively as "Obligors"; Abington Bank as "Bank"; and Appellant as "Assignee."

> otherwise except that which is in the nature of a defense to any claim by Bank, Assignee, or any third party.

(Forbearance Agreement at ¶ 15(a), (b)) (internal capitalization omitted). Paragraph 15(a) of the Forbearance Agreement makes clear that Erik C. Bones and Faith C. Bones (as Obligors) did not agree to release Appellant (as Assignee) from **all** claims arising out of the Forbearance Agreement. Rather, ¶ 15(a) releases Appellant from **only** claims arising out of: (1) negotiation, review, preparation or documentation of the loan documents or any other documents or agreements executed in connection therewith; (2) administration of the loan documents; (3) enforcement, protection or preservation of Abington Bank's or Appellant's rights under the loan documents, or any other documents or agreements executed in connection therewith; or (4) any action or inaction by Abington Bank or Appellant in connection with any such documents, instruments and agreements. ***See id.*** Significantly, Appellee's current claim against Appellant relates to Appellant's agreement to compensate Appellee's subcontractors for work performed on the Project through the date of Appellee's termination, pursuant to ¶ 7 of the Forbearance Agreement. Appellee's claims against Appellant have nothing to do with the loan documents or process.

Furthermore, the Forbearance Agreement contains an exclusive jurisdiction and jury trial waiver provision, which demonstrates the parties anticipated that claims arising out of the Forbearance Agreement might require litigation in court. ***Id.*** at ¶¶ 18, 32. Read as a whole, the

Forbearance Agreement unambiguously demonstrates the parties intended to release Appellant from litigation as to only the four specific types of claims described in ¶ 15(a). **See Nevyas, supra.** Therefore, even if Appellant had properly preserved its fourth issue for review, we would nevertheless deny relief on this claim. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/19/2014

**THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**
**CIVIL ACTION – LAW**

| | | |
|---|---|---|
| E. C. BONES CONSTRUCTION CONTRACTORS, INC. d/b/a E. C. BONES, INC. | : : : | SUPERIOR COURT NO. 1973 EDA 2013 |
| v. | : : | |
| BRIDGEPORT MARKETPLACE, LLC | : : | LOWER COURT NO: 2012-32189 |

**ROGERS, J.**                    **APRIL 4, 2014**

***OPINION***


4/4/2014 11:53 AM    2012-32189-0031  # 9735236
Rcpt# Z2080756        Opinion
Fee: $0.00
                    Mark Levy - MontCo Prothonotary

## I.    INTRODUCTION

Appellant Bridgeport Marketplace, LLC ("Appellant") has appealed to the Superior Court of Pennsylvania ("Superior Court") from this court's order overruling preliminary objections dated and docketed on May 14, 2013. For the reasons set forth below, the court's May 14, 2013 order should be affirmed and the case remanded for further proceedings.

## II.    FACTUAL AND PROCEDURAL HISTORY

The relevant facts and procedural history underlying this appeal are as follows.    On March 18, 2010, Appellant as Owner and E.C. Bones Construction Contractors, Inc. ("Appellee") as Contractor entered into an

agreement ("Construction Agreement") for phase one of a project entitled "4th Street Marketplace" ("Project") in Bridgeport, Montgomery County. The contract documents consisted of: 1. the Agreement; 2. the approved land development plans; 3. the Takeoff Worksheet(s) dated March 12, 2010 and 4. the submitted and approved Architectural Drawings. (Construction Agreement, *Article* 1). On May 18, 2010, the parties signed an Addendum to Agreement, again by and between Appellant as Owner and Appellee as Contractor, which amended the Construction Agreement and provided in relevant part as follows:

10. **Arbitration**

> All claims, disputes, and other matters in question arising out of, or relating to, the Agreement or the breach thereof, except for claims which have been waived by the making and acceptance of final payment, shall be decided by Arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association (or other arbitration rules). This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in any court having jurisdiction thereof. Any award shall provide for payment within thirty (30) days of the date of the award.

(Addendum to Agreement ¶10, dated May 18, 2010).

On the same day, May 18, 2010, Fourth Street Marketplace, LLC ("Borrower"), Erik C. Bones and Faith C. Bones ("Sureties"), Abington Bank ("Bank") and Appellant entered into a Forbearance Agreement. Borrower and Sureties together are also referred to as "Obligors". The Forbearance Agreement provided in pertinent part as follows:

2

7. **MORTGAGEE IN POSSESSION**. Obligors hereby acknowledge and consent to forthwith permit [Appellant] to take over control of the Property and be deemed "mortgagee in possession" of the Property. Obligors will not interfere with [Appellant's] efforts to complete the construction on the Property to mitigate its anticipated loss.

\* \* \* \*

It is understood that [Appellant] has the sole and absolute discretion to terminate [Appellee] <u>at any time and for any reason</u>. Obligors waive any claim that the termination of [Appellee] should be construed as "commercially unreasonable" and further agree that they will take no action to seek to reinstate [Appellee] or to file any claims, causes of action or lawsuits on [Appellee's] behalf seeking reinstatement or compensation to [Appellee]. **In the event of [Appellant's] termination of [Appellee], [Appellant] shall be responsible to compensate [Appellee's] subcontractors for work performed at the project through the date of said termination.** [Appellee] shall not be responsible for any consequential damages suffered by [Appellant] due to any such termination.

(Forbearance Agreement ¶7, dated May 18, 2010) (emphasis added).

In paragraph 18 of the Forbearance Agreement, the Obligors consented to the exclusive jurisdiction of any state or federal court in the Commonwealth of Pennsylvania. (*Id.*).[1] In paragraph 32, the Parties agreed to waive their right to a trial by jury on any claim, demand, action or cause

---

[1]Specifically, paragraph 18 of the Forbearance Agreement provides:

Obligors hereby consent to the exclusive jurisdiction of any state or federal court located within the Commonwealth of Pennsylvania, and irrevocably agree that, subject to the Bank's election, all actions or proceedings relating to this Agreement or the transactions contemplated hereunder shall be litigated in such courts, and Obligors waive any objection which they may have based on improper venue or forum non conveniens to the conduct of any proceeding in any such court and waive personal service of any and all process upon it, and consents that all such service of process be made by first class mail, overnight courier, or messenger directed to it at the address set forth herein.

3

of action arising under the Forbearance Agreement or any other document or instrument referred to therein or delivered in connection therewith. (*Id.*).[2] Unlike the Construction Agreement, the Forbearance Agreement does not contain an arbitration clause.

There is no dispute that Appellant terminated Appellee from the Project as general contractor effective September 13, 2010. (Appellee's Complaint, Ex. C). On September 14, 2010, Scott Building Corporation ("Scott") filed a civil complaint against Appellee seeking the balance due for labor and materials provided to the Project under a subcontract agreement executed on September 29, 2009. The matter entitled *Scott Building Corp. t/a Scott Contractors, Inc. v. E.C. Bones Construction Contractors, Inc. d/b/a E.C. Bones, Inc.* is indexed at Montgomery County Docket No. 2010-27166 ("*Scott*"). Appellee filed a joinder complaint in that case on December 27, 2010, and an amended joinder complaint on January 26, 2011, against Appellant, Abington Bank and Borough of Bridgeport based upon the terms of the Construction Agreement. Appellee alleged counts in breach of the Construction Agreement, conspiracy to cause the breach of the Construction

---

[2] Specifically, paragraph 32 of the Forbearance Agreement provides:

> Obligors waive any right to trial by jury on any claim, demand, action or cause of action (a) arising under this agreement or any other document or instrument referred to herein or delivered in connection herewith, or (b) in any way connected with or related or incidental to the dealings of Obligors with respect to this agreement or any other document or instrument referred to herein or delivered in connection herewith, or the transactions related hereto or thereto, in each case whether sounding in contract or tort or otherwise.

4

Agreement and intentional interference with the Construction Agreement. (Amended Joinder Complaint filed January 26, 2011).

Appellant filed preliminary objections on February 24, 2011, seeking dismissal of the amended joinder complaint in light of the Parties' agreement to arbitrate contained in paragraph 10 of the Addendum to Agreement executed on May 18, 2010. The Honorable Richard P. Haaz issued an order on November 27, 2012, sustaining the additional defendants' preliminary objections and dismissing the amended joinder complaint on the basis that the matter was subject to arbitration before the American Arbitration Association. (November 27, 2012 Order by the Honorable Richard P. Haaz).

On November 30, 2012, Erik C. Bones sent a demand letter pursuant to the terms of the May 18, 2010 Forbearance Agreement seeking payment for the subcontractors owed monies for their work performed on the project through the date of termination. Specifically, Mr. Bones requested amounts due as follows: Scott Contractors, Inc. for $65,997.59 (subject to increase); Trout Brothers, Inc. for $9,725.00; Bergey's Electric, Inc. for $3,808.84; and Tague Lumber for $26,439.47 (Appellee's Complaint, ¶¶ 12, 13; *Id.* at Ex. C). On December 4, 2012, Counsel for Erik C. Bones, Faith C. Bones and E.C. Bones Construction, Inc. issued a demand letter seeking a total of $105,970.90 under paragraph 7 of the Forbearance Agreement as due and owing the aforementioned subcontractors as of September 13, 2010 (Id., at ¶ 14; and Ex. D). On December 13, 2012, Erik C. Bones and Faith C. Bones

assigned their respective rights, title and interest as Sureties under the Forbearance Agreement over to Appellee (Appellee's Complaint, Exhibit A).

Appellee filed its complaint against Appellant on December 19, 2012, alleging breach of the Forbearance Agreement and demanding monies due to the subcontractors. Appellant filed preliminary objections on January 23, 2013. Appellant sought dismissal of the complaint before the undersigned based on Judge Haaz's November 27, 2012 Order, which dismissed Appellee's amended joinder complaint in *Scott* at Docket No. 2010-27166, because of the arbitration clause in the Construction Agreement upon which Appellee based its claims in that matter.

Upon review of the record, the issues presented to this court, the applicable law and after hearing argument, the undersigned overruled Appellant's preliminary objections by order dated May 14, 2013. Appellant filed a Petition to File an Interlocutory Appeal by Permission or, in the Alternative, for Reconsideration on May 17, 2013. After review, this court denied the Petition by order docketed on May 31, 2013. Appellant filed a Petition for Review with the Superior Court on June 11, 2013, and Appellee filed its Answer on June 24, 2013. A per curiam panel of the Superior Court granted the Petition for Review on July 18, 2013. On July 23, 2013, the undersigned issued an order directing Appellant to file and serve a Concise Statement of the Errors Complained of on Appeal ("concise statement"). Appellant filed a concise statement on July 26, 2013.

## III.   ISSUES

Appellant raises the following issues on appeal:

1.     The matters complained of by Defendant/Appellant on Appeal are as follows:

(a)     This Honorable Court erred in denying Defendant's Petition to File an Interlocutory Appeal by Permission for failure to satisfy the standard pursuant to 42 Pa. CSA §702(b).

(b)     This Honorable Court erred in denying Defendant's Motion for Consideration [sic] of the Court's May 14, 2013 Order which overruled Defendant's Preliminary Objections:

> (1)     in the nature of a demurrer pursuant to the Coordinate Jurisdiction Rule/Law of the Case doctrine;

> (2)     in the nature of a demurrer seeking to enforce the Arbitration Clause;

> (3)     in the nature of a Motion to Dismiss pursuant to the Doctrine of Lis Pendens; and

> (4)     in the nature of a demurrer pursuant to the Release Clause of the Forbearance Agreement.

2.     This Honorable Court erred in failing to uphold the prior decision of the Honorable Richard Haaz, in the related case of *Scott Building Corp. v. E.C. Bones Construction Contractors, Inc. v. Bridgeport Marketplace, LLC, Abington Bank and Borough of Bridgeport* as Additional Defendants, indexed at Court of Common Pleas of Montgomery County, PA, Civil Action No. 2010-27166, which Order upheld the Arbitration Clause in the agreement of the parties.

3.     This Honorable Court erred in failing to determine that the Arbitration Clause in the agreement of the parties controls the choice of forum to the instant matter.

4.     This Honorable Court erred in entering an Order contrary to the Order of Judge Haaz, which Order violates the Coordinate Jurisdiction Rule/Law of the Case Doctrine and the Doctrine of Lis Pendens.

7

(Appellant's concise statement filed July 26, 2013).

## IV. DISCUSSION

In their first issue on appeal, Appellant asserts that this court erred in denying its Petition to File an Interlocutory Appeal by Permission as well as its alternative request for Reconsideration of the Order of May 14, 2013. This court disagrees.

It is well settled that a trial court may certify an interlocutory order for appeal if that court is of the opinion that the matter satisfies two statutory criteria as follows:

> **(b) Interlocutory appeals by permission.**--When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

42 Pa.C.S.A. §702(b).

In addition, it is within a trial court's discretion to reconsider an interlocutory order if the movant for reconsideration presents new facts or new law of which the court was unaware or otherwise overlooked at the time of its original decision.

> In considering a motion for reconsideration, a trial court is invested with broad discretion as to whether or not it will modify or rescind a prior order entered within 30 days of said motion for

8

reconsideration. 42 Pa.C.S. §5505; *PNC Bank N.A. v. Unknown Heirs*, 929 A.2d 219 (Pa. Super. 2007).

> In addition, reconsideration should be granted sparingly or there will [be] no finality of judgments or orders. The only proper grounds for granting reconsideration are new and material evidence or facts, a change in the controlling law or a clear error in applying the facts or law to the case at hand so that it is necessary to correct a clear error and prevent a manifest injustice from occurring. Mere disagreement with the court's conclusion is not a basis for reconsideration. See generally, *Cox v. Monica*, 2008 WL 111991 (M.D. Pa. 2008) and *Ellenbogen v. PNC Bank N.A.*, 731 A.2d 175 (Pa. Super. 1999).

*Scartelli General Contractors Inc. v. Selective Way Insurance Company*, 2008 WL 5575968, 6 Pa. D. & C. 5th 61, 63-64 (Lackawanna Cty. 2008).

In the case *sub judice*, Appellant did not present any new facts or new law in its Petition, arguing again that the arbitration clause in the Addendum of Agreement which amended the Construction Agreement between Appellant and Appellee barred recovery under the Forbearance Agreement executed by and between different parties. Because this court's opinion on the issue had not changed from when Appellant first made that argument, and exercising the court's discretion, the undersigned denied the Petition. In light of the Superior Court panel's decision to grant Appellant's Petition for Review, this court opines that Appellant's first issue on appeal is moot as well as without merit.

In issues two, three and four on appeal, Appellant posits that this court erred in determining that the arbitration clause found in the Construction Agreement executed by and between Appellant and Appellee and at issue in the *Scott* matter did not apply in a separate and distinct

9

lawsuit brought by Appellee under the Forbearance Agreement executed by different parties. Appellant asserts that the undersigned's decision violates the Coordinate Jurisdiction Rule/Law of the Case Doctrine because it is different than the decision made by Judge Haaz in the *Scott* matter. Finally, Appellant claims the May 14, 2013 Order also violates the doctrine of *lis pendens*. Appellant is mistaken.

The Pennsylvania Supreme Court has made clear:

> One of the distinct rules that are encompassed within the "law of the case" doctrine [FN6] is the coordinate jurisdiction rule. Generally, the coordinate jurisdiction rule commands that upon transfer of a matter between trial judges of coordinate jurisdiction, a transferee trial judge may not alter resolution of a legal question previously decided by a transferor trial judge. *Commonwealth v. Starr*, 541 Pa. 564, 664 A.2d 1326, 1331 (1995); *see also Riccio v. American Republic Insurance Co.*, 550 Pa. 254, 705 A.2d 422, 425 (1997). More simply stated, judges of coordinate jurisdiction should not overrule each other's decisions. *Id.; Okkerse v. Howe*, 521 Pa. 509, 556 A.2d 827, 831 (1989).

> > FN6. Among rules that comprise the law of the case doctrine are that: "(1) upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter; (2) upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court; and (3) upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court." *Commonwealth v. Starr*, 541 Pa. 564, 664 A.2d 1326, 1331 (1995).

> The reason for this respect for an equal tribunal's decision, as explained by our court, is that the coordinate jurisdiction rule is "based on a policy of fostering the finality of pre-trial applications in an effort to maintain judicial economy and efficiency." *Starr*, 664 A.2d at 1331. Furthermore, consistent

10

with the law of the case doctrine, the coordinate jurisdiction rule serves to protect the expectations of the parties, to insure uniformity of decisions, to maintain consistency in proceedings, to effectuate the administration of justice, and to bring finality to the litigation. *Id.*

This general prohibition against revisiting the prior holding of a judge of coordinate jurisdiction, however, is not absolute. Departure from the rule is allowed in "exceptional circumstances" when there has been a change in the controlling law or where there was a substantial change in the facts or evidence.

*Zane v. Friends Hospital*, 575 Pa. 236, 243, 836 A.2d 25, 29 (2003). *Accord Schwarz v. Wells Fargo Advisors, LLC*, 58 A.3d 1270, 1274 n.2 (Pa.Super. 2012) (concluding transferee judge presiding over same case erred in vacating arbitration award where prior judge found agreement to exist).

With respect to the application of an arbitration agreement:

Where a party to a civil action seeks to compel arbitration, a two-part test is employed. *Id.* First, the trial court must establish if a valid agreement to arbitrate exists between the parties. *Id.* Second, if the trial court determines such an agreement exists, it must then ascertain if the dispute involved is within the scope of the arbitration provision. *Id.* If a valid arbitration agreement exists between the parties, and the plaintiff's claim is within the scope of the agreement, the controversy must be submitted to arbitration. *Highmark Inc. v. Hospital Service Ass'n. of Northeastern Pennsylvania*, 785 A.2d 93, 98 (Pa.Super. 2001), *appeal denied*, 568 Pa. 720, 797 A.2d 914 (2002).

This Court has explained the interpretation of arbitration agreements as follows:

(1) arbitration agreements are to be strictly construed and not extended by implication; and (2) when parties have agreed to arbitrate in a clear and unmistakable manner, every reasonable effort should be made to favor the agreement unless it may be said with positive assurance

11

that the arbitration clause involved is not susceptible to an interpretation that covers the asserted dispute.

> *Id.* at 98. "To resolve this tension, courts should apply the rules of contractual constructions, adopting an interpretation that gives paramount importance to the intent of the parties and ascribes the most reasonable, probable, and natural conduct to the parties." *Id.* In interpreting a contract, the ultimate goal is to ascertain and give effect to the intent of the parties as reasonably manifested by the language of their written agreement. *Id.*

*Callan v. Oxford Land Development, Inc.*, 858 A.2d 1229, 1233 (Pa.Super. 2004). *Accord Setlock v. Pinebrook Personal Care and Retirement Center*, 56 A.3d 904, 907-08 (Pa.Super. 2012).

Instantly, Appellant seeks the dismissal of Appellee's Complaint in this matter based on Judge Haaz's prior ruling that an arbitration clause applied to the claims brought in *Scott* at Docket No. 2010-27166. Appellant cites *Zane, supra*; *Riccio v. American Republic Insurance Company*, 550 Pa. 254, 705 A.2d 422 (1997) and *Commonwealth v. Starr*, 541 Pa. 564, 664 A.2d 1326 (1995) for the general proposition that trial courts involved in later phases of a litigated matter should not reopen questions decided by another judge of that same court in earlier phases of the same matter.

Before the court, however, are two matters, separate and distinct, involving different parties, different demands and different contracts; one with an arbitration clause and one without an arbitration clause that contains an exclusive jurisdiction provision. (Complaint at 2012-32189, Ex. B, ¶18). In *Scott* at Docket No. 2010-27166, Judge Haaz decided preliminary objections to an amended joinder complaint brought by Appellee pursuant to

12

the Construction Contract with an Addendum which contained an arbitration clause executed by and between Appellant and Appellee. Erik C. Bones and Faith C. Bones were not parties to the Construction Contract or the Addendum. Appellee sought to hold the additional defendants, including Appellant, responsible for the damages claimed in the amount of $88,997.59 by one of the subcontractors, Scott. As previously noted, Judge Haaz determined that Appellee's claims brought in its amended joinder complaint based on the Construction Agreement were subject to the arbitration clause. Hence, Judge Haaz dismissed the amended joinder complaint. (November 27, 2012 Order by the Honorable Richard P. Haaz). The *Scott* matter is still before Judge Haaz in the pretrial stage and has not been transferred.

In the present matter, *E.C. Bones Construction Contractors, Inc. d/b/a E.C. Bones, Inc. v. Bridgeport Marketplace, LLC* at Docket No. 2012-32189, Appellee brought a claim for monies totaling $105,970.90 owed to four (4) subcontractors pursuant to the Forbearance Agreement executed by Fourth Street Marketplace, LLC, Erik C. Bones and Faith C. Bones, Abington Bank and Appellant. This court determined on review that the Forbearance Agreement does not contain an arbitration clause and, contrary to Appellant's assertions, the arbitration clause in the Addendum to the Construction Agreement does not apply. Because the undersigned did not overrule any of Judge Haaz's decisions in the *Scott* matter, no violation of the coordinate jurisdiction rule occurred and Appellant's claim fails.

13

Finally, "the question of whether *lis pendens* is an appropriate defense 'is purely a question of law determinable from an inspection of the pleadings.'" *PNC Bank, National Association v. Bluestream Technology, Inc.*, 14 A.3d 831, 835 (Pa.Super. 2010) (citations omitted).

> Pursuant to the doctrine of *lis pendens*, dismissal of a later cause of action may be appropriate when the same parties are involved, the same rights are asserted, and identical relief is sought in each action. *Crutchfield v. Eaton Corp.*, 806 A.2d 1259, 1262 (Pa.Super. 2002). Additionally, an abeyance may be appropriate even where the petitioner cannot strictly meet the above-referenced test if the two actions would "create a duplication of effort on the part of the parties and waste judicial resources by requiring two courts of common pleas to litigate a matter that in all likelihood could be fully addressed in one forum." *Norristown Automobile Co., Inc. v. Hand*, 386 Pa.Super. 269, 562 A.2d 902, 905 (1989).

*Id.* The party asserting this defense "must show that the case is the same, the parties are the same, and the rights asserted and relief prayed for the same." *Crutchfield, supra* (citing *Norristown Automobile, supra* at 904).

Instantly, Appellant has not sustained its burden. As previously set forth above, Appellee's amended joinder complaint in the *Scott* matter at Docket No. 2010-27166 sought joint and several liability against the additional defendants for monies allegedly due and owing to subcontractor Scott from the Project escrow account based on the Construction Agreement executed by and between Appellant and Appellee. Appellee alleged counts in breach of the Construction Agreement, conspiracy to cause the breach of the Construction Agreement and intentional interference with the Construction Agreement. The Addendum to the Construction Agreement contained an

14

arbitration clause which Judge Haaz found to apply, resulting in the dismissal of the amended joinder complaint against Appellant.

In the case at bar, Appellee brought a claim on behalf of assignees Erik C. Bones and Faith C. Bones as Sureties under a Forbearance Agreement executed by and among the Sureties, Fourth Street Marketplace, LLC, Abington Bank and Appellant. Pursuant to the Forbearance Agreement signed by Appellant, Appellant agreed to compensate Appellee's subcontractors for work performed at the Project if Appellant terminated Appellee from the Project. There is no arbitration clause contained in the Forbearance Agreement. Appellee demands judgment for Appellant's breach of the Forbearance Agreement in the amount of $105,970.90 (subject to increase) due and owing the subcontractors for work on the Project plus interest and costs. Said another way, the case is not the same, the parties are not the same, and the rights asserted and relief prayed for are not the same. Accordingly, Appellant's final claim on appeal is unavailing.

15

## V.  CONCLUSION

Based upon the reasoning set forth herein, the undersigned respectfully requests that this court's May 14, 2013 order be affirmed and the case remanded for further proceedings.

BY THE COURT:

**THOMAS P. ROGERS, J.**
**Court of Common Pleas**
**Montgomery County,**
**Pennsylvania**
**38th Judicial District**

A copy of the above Opinion was
sent to the following on 04/04/14:
**By E-Mail and First-Class Mail:**
Michael Yanoff, Esquire, Counsel for Appellant, Bridgeport
    Marketplace, LLC
Mason Avrigian, Jr., Esquire, Counsel for Appellee, E.C. Bones
    Construction Contractors, Inc.
Megan D. Dalton, Esquire, Counsel for Appellee, E.C. Bones
    Construction Contractors, Inc.

Judicial Secretary

16