J-A09041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| V.S. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| A.A. | : | |
| | : | |
| Appellant | : | No. 1634 MDA 2016 |

Appeal from the Decree August 29, 2016
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s):  2016-FC-40428

BEFORE:   GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MARCH 24, 2017**

Appellant, A.A. ("Paternal Grandmother"), appeals *pro se* from the decree entered in the Lackawanna County Court of Common Pleas, which found her in contempt of a custody order.  We affirm.

The relevant facts and procedural history of this case are as follows. M.S. ("Mother") and J.A., Sr. ("Father") are the natural parents of J.A., Jr. ("Child"), born in January 2016.  On January 19, 2016, Mother and Father executed a "letter of guardianship" that gave temporary custody of Child to Paternal Grandmother because Mother was incarcerated and Father was incapable of caring for Child.  Mother and Father intended to give Paternal Grandmother custody of Child until they were "back on their feet."  Paternal Grandmother resides in New Jersey.  On March 31, 2016, Paternal Grandmother filed, in Pennsylvania, an emergency petition for special relief

and a petition for custody, claiming Mother and Father were incapable of caring for Child. The court entered an order that day granting Paternal Grandmother temporary legal and physical custody of Child pending a hearing. On or around April 5, 2016, Appellee V.S. ("Maternal Grandmother") wrote a letter to the court expressing her desire to have custody of Child. Following a hearing on April 12, 2016, the court entered an order the next day,[1] awarding Paternal Grandmother legal and primary physical custody of Child; the court gave Maternal Grandmother partial physical custody of Child. On April 19, 2016, Maternal Grandmother filed a formal petition for custody. The court held a hearing on April 22, 2016. Following the hearing, the court entered an amended custody order that retained the same custody arrangement as the April 13, 2016 order but amended the location of custody exchanges.

On August 8, 2016, Maternal Grandmother filed a petition for contempt, alleging Paternal Grandmother refused to let Maternal Grandmother exercise her periods of partial physical custody as specified in the April 2016 court orders. That day, the court issued a rule to show cause and scheduled a hearing on the matter for August 29, 2016. The court held a contempt hearing on the scheduled date; Paternal Grandmother failed to

_____

[1] This order is inadvertently dated April 13, 2015. We reject Paternal Grandmother's contention that this obvious typographical error means the order was "falsified."

appear for the hearing. Counsel for Maternal Grandmother informed the court that she had notified Paternal Grandmother of the contempt hearing by regular and certified mail. Counsel stated the regular mail was not returned, and Paternal Grandmother refused to accept the certified mail. Child's Mother was no longer incarcerated, appeared at the contempt hearing, and told the court she had spoken with Paternal Grandmother about the contempt hearing. According to Mother, Paternal Grandmother said she did not need to appear for the contempt hearing because she lived in New Jersey, so the order scheduling the contempt hearing did not apply to her. Following the hearing, the court found Paternal Grandmother in contempt and temporarily gave Maternal Grandmother four months' make-up time under the court's custody order.

Paternal Grandmother filed a petition for reconsideration on September 7, 2016, insisting she did not receive "notice" of the contempt hearing. The court held a hearing on the petition on September 21, 2016. Following the hearing, the court denied reconsideration but amended its contempt order to permit Paternal Grandmother visitation with Child during the four months that Maternal Grandmother would exercise her make-up time. The court expressly stated that, at the conclusion of the four-month period, Child would return to Paternal Grandmother's custody under the April 2016 custody order, unless and until another party filed a petition for modification of custody. On September 28, 2016, Paternal Grandmother

timely filed a *pro se* notice of appeal and concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i).[2]

As a prefatory matter, although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. ***First Union Mortg. Corp. v. Frempong***, 744 A.2d 327 (Pa.Super. 1999) (stating *pro se* status does not entitle party to any particular advantage because of her lack of legal training). Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of Court. ***D. Jones v. Rudenstein***, 585 A.2d 520 (Pa.Super. 1991), *appeal denied*, 529 Pa. 634, 600 A.2d 954 (1991). Appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. ***Rosselli v. Rosselli***, 750 A.2d 355 (Pa.Super. 2000), *appeal denied*, 564 Pa. 696, 764 A.2d 50 (2000) (citing Pa.R.A.P. 2101). ***See also*** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of brief).

Regarding the statement of the case section of an appellate brief, Rule 2117 provides, in pertinent part:

> **Rule 2117. Statement of the Case**
>
> **(a) General rule.**—The statement of the case shall contain, in the following order:

---

[2] According to the trial court, Mother has filed a petition for custody of Child, which is stayed pending this appeal.

(1)  A statement of the form of action, followed by a brief procedural history of the case.

(2)  A brief statement of any prior determination of any court or other government unit in the same case or estate, and a reference to the place where it is reported, if any.

(3)  The names of the judges or other officials whose determinations are to be reviewed.

(4)  A closely condensed chronological statement, in narrative form, of all the facts which are necessary to be known in order to determine the points in controversy, with an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found.  **See** Rule 2132 (references in briefs to the record).

(5) A brief statement of the order or other determination under review.

**(b)  All argument to be excluded.**—The statement of the case shall not contain any argument.  It is the responsibility of appellant to present in the statement of the case a balanced presentation of the history of the proceedings and the respective contentions of the parties.

Pa.R.A.P. 2117(a), (b).  **See also C. Jones v. Jones**, 878 A.2d 86 (Pa.Super. 2005) (explaining wife failed to comply with Rule 2117(b) where her statement of case was argumentative in tone and did not contain balanced presentation of history of proceedings and respective contentions of parties).

Additionally, as to the argument section of an appellate brief, Rule 2119(a) provides:

**Rule 2119.  Argument**

**(a)  General rule.**—The argument shall be divided into as many parts as there are questions to be argued;

- 5 -

and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Importantly, where an appellant fails to properly raise or develop her issues on appeal, or where her brief is wholly inadequate to present specific issues for review, a court will not consider the merits of the claims raised on appeal. *Butler v. Illes*, 747 A.2d 943 (Pa.Super. 2000) (holding appellant waived claim where she failed to set forth adequate argument concerning her claim on appeal; appellant's argument lacked meaningful substance and consisted of mere conclusory statements; appellant failed to cogently explain or even tenuously assert why trial court abused its discretion or made error of law). *See also Lackner v. Glosser*, 892 A.2d 21 (Pa.Super 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention); *Estate of Haiko v. McGinley*, 799 A.2d 155 (Pa.Super. 2002) (stating rules of appellate procedure make clear appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned discussion of law in appellate brief, this Court's ability to provide appellate review is hampered, necessitating waiver of issue on appeal).

Instantly, Paternal Grandmother is *pro se* on appeal. Paternal

Grandmother filed her initial appellate brief on November 1, 2016. On November 22, 2016, Paternal Grandmother filed a first amended brief. Paternal Grandmother filed a second amended brief on November 28, 2016, along with her reproduced record. Paternal Grandmother's initial appellate brief contains no statement of the case. *See* Pa.R.A.P. 2117(a). Paternal Grandmother's amended brief contains a statement of the case which consists of her "spin" on the facts. Paternal Grandmother omits relevant facts necessary to decide the issue on appeal and instead provides her legal theory of the case. Paternal Grandmother's one-sided statement of the case fails to provide a balanced presentation of the history of proceedings and respective contentions of parties, in direct contravention with the requirements of Rule 2117. *See* Pa.R.A.P. 2117; **C. Jones, supra**.

Additionally, Paternal Grandmother's initial brief contains multiple sections titled "Statement of Question Involved." On her first "page 7,"[3] Paternal Grandmother raises six issues, followed by a dialogue exchange, followed by a narrative of her version of the facts. On her second "page 7," also titled "Statement of the Question Involved," Paternal Grandmother raises another issue. From these separate sections, Paternal Grandmother fails to clarify which particular issues she seeks to assert on appeal. **See** Pa.R.A.P. 2116(a) (explaining statement of questions involved must state

---

[3] This brief has duplicative page numbers.

concisely issues to be resolved, expressed in terms and circumstances of case but without unnecessary detail; no question will be considered unless it is stated in statement of questions involved or is fairly suggested thereby). Adding further confusion, Paternal Grandmother's argument section in her initial appellate brief is less than one page and consists of six bulleted points, none of which advances a cogent argument or meaningful discussion of, or citation to, relevant legal authority. *See* Pa.R.A.P. 2119(a).

Paternal Grandmother's first amended brief contains no statement of the questions presented or any separate argument section. *See* Pa.R.A.P. 2116(a); 2119(a). *See also Smathers v. Smathers*, 670 A.2d 1159 (Pa.Super. 1996) (stating omission of statement of questions presented is particularly grievous because statement of questions presented defines specific issues appellate court is asked to review; when omission of statement of questions presented is combined with lack of any organized and developed arguments, it becomes clear that appellant's brief is insufficient for meaningful appellate review). Rather, throughout her first amended brief, Paternal Grandmother's legal argument is interwoven into her statement of the case. Paternal Grandmother's second amended brief is essentially a duplicate of her first amended brief (similarly containing no statement of questions presented or separate argument section) but adds law that is irrelevant to the case, such as the law surrounding involuntary termination of parental rights. The defects in Paternal Grandmother's

appellate briefs are substantial. Paternal Grandmother's failure to comply with the applicable rules of appellate procedure and develop her claims properly on appeal precludes meaningful review and constitutes waiver of her issue(s) for appellate purposes. *See Lackner, supra*; *Estate of Haiko*; *Butler, supra*. *See also In re C.P.*, 901 A.2d 516 (Pa.Super. 2006) (holding mother's failure to support claim on appeal with relevant legal authority or discussion precluded appellate review of issue).[4] Accordingly, we affirm. *See generally In re K.L.S.*, 594 Pa. 194, 197 n.3, 934 A.2d 1244, 1246 n.3 (2007) (stating where issues are waived on appeal, we should affirm rather than quash appeal).

Decree affirmed. Case is stricken from argument list.

---

[4] On February 21, 2017, Paternal Grandmother filed an application for relief in this Court demanding a jury trial, claiming the trial judge, *inter alia*, "abused" and "slandered" Paternal Grandmother. Paternal Grandmother also alleged that Maternal Grandmother's sibling paid off the trial judge. On March 1, 2017, Paternal Grandmother filed a petition in this Court purporting to request a transfer of this case to the Pennsylvania Supreme Court. On March 13, 2017, Paternal Grandmother filed a "petition for writ of prohibition," asking this Court to prohibit the trial judge from abusing his powers. Paternal Grandmother also filed on March 13, 2017, an "application for ruling," claiming, *inter alia*, the trial court violated her human rights. We deny all of Paternal Grandmother's various open requests for relief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/24/2017