J-S06014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH BREWINGTON | : | |
| | : | |
| Appellant | : | No. 3076 EDA 2016 |

Appeal from the PCRA Order August 9, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0517441-1989

BEFORE: BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.: **FILED SEPTEMBER 19, 2018**

Keith Brewington appeals from the order of August 9, 2016, dismissing his serial PCRA petition as untimely. We affirm.

Appellant pleaded guilty on April 2, 1992, to, *inter alia*, homicide, for the murder of Thomas Dinan, which occurred on March 2, 1989. This plea followed his conviction for first-degree homicide in another case. Appellant did not file a direct appeal, and pursued collateral relief in a petition filed in 1993, which was not resolved until 1999. That petition was denied following an evidentiary hearing. We affirmed, and we adopt the history set forth therein:

> On April 2, 1992, appellant, who had already been convicted of first-degree murder in an unrelated case, entered a plea of *nolo contendere*. In return for his plea and his cooperation in any investigations involving his cohorts to the crimes, the Commonwealth agreed to not seek the death penalty, to recommend that his sentence of life imprisonment be ordered to

run concurrently with the sentence for the prior murder conviction, and to support any petition for commutation filed by appellant. Appellant signed a written memorandum of agreement detailing the terms set forth above and, at the plea hearing, he again agreed to the terms of the agreement.

***Commonwealth v. Brewington***, 1047 Philadelphia 1998 (Pa.Super. 1999) (unpublished memorandum at 1).

We begin by noting that what is at issue in this appeal is somewhat confusing. On April 6, 2009, Appellant filed a *pro se* PCRA petition, which is not in the certified record. On December 10, 2010, a dismissal notice under 907 was noted on the docket. Appellant responded on January 11, 2011.

The next entry on the docket is a PCRA petition filed August 23, 2012. This petition is in the certified record, and Appellant captioned that document as a supplemental petition, presumably referring to the 2009 petition. That petition raised numerous sentencing claims, all of which pertained to ***Miller v. Alabama***, 567 U.S. 460 (2012). The court took no action on this petition until 2016, when Appellant filed, on March 23, another *pro se* PCRA petition. Within, Appellant alleged that he was entitled to relief pursuant to ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016), which held that States must give retroactive effect to ***Miller***.

The PCRA court issued a notice of intent to dismiss on June 1, 2016, stating, in pertinent part: "The court has reviewed your PCRA petition (and supplemental petitions) challenging the unlawfulness of your *nolo contendere* plea and the Commonwealth's performance pursuant thereto

. . . . Your petition, **filed on April 6, 2009**, was . . . untimely by approximately sixteen years." Notice of Intent to Dismiss, 6/1/16, at 1 (emphasis added).

The PCRA court's reference to the petition filed April 6, 2009 demonstrates that the PCRA court viewed the August 23, 2012, and March 23, 2016, petitions as amending the earlier 2009 petition. Thus, the PCRA court viewed this case as involving one petition twice amended. The notice of intent to dismiss stated that Appellant failed to plead and prove any exception to the time-bar. Appellant did not file a response, and the court entered an order dismissing the petition on August 9, 2016.

Appellant filed a notice of appeal, docketed September 12, 2016, which is four days after the expiration of the applicable thirty-day period. The Commonwealth states that this appeal must be quashed. We decline to do so. As our Supreme Court has stated:

> The *pro se* prisoner's state of incarceration prohibits him from directly filing an appeal with the appellate court and prohibits any monitoring of the filing process. Therefore, we now hold that in the interest of fairness, a *pro se* prisoner's appeal shall be deemed to be filed on the date that he delivers the appeal to prison authorities and/or places his notice of appeal in the institutional mailbox.

***Smith v. Pennsylvania Bd. of Prob. & Parole***, 683 A.2d 278, 281 (Pa. 1996).

Presently, the PCRA court states that the notice of appeal was postmarked on September 12. The notice of appeal contains a hand

- 3 -

notation by Appellant indicating that he initiated the procedure of having the appeal delivered through the prison system. Since the notice of appeal was filed within days of the thirty-day deadline, we elect to deem it timely and address the merits of this appeal.

The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, and filed an opinion. Appellant's brief is difficult to decipher, but he appears to raise two claims:

> Did the P.C.R.A. trial judge Leon W. Tucker abuse his authority, discretion, violate his oath of office, the rules of professional conduct, the code of ethics, and violate this petitioner's United States, federal, & Pennsylvania constitutional, and due process rights?
>
> Did P.C.R.A. trial judge Leon W. Tucker error in deeming petitioner's appeal untimely filed?

Appellant's brief at 1-2.[1]

We apply the following principles to our review of the PCRA court's order.

> Our standard of review examines "whether the PCRA court's determination is supported by the evidence of record and free of legal error. We grant great deference to the PCRA court's findings, and we will not disturb those findings unless they are unsupported by the certified record." ***Commonwealth v. Holt***, 175 A.3d 1014, 1017 (Pa.Super. 2017) (citation omitted). A PCRA petition must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). "This time constraint is jurisdictional in nature, and is not subject to tolling or other equitable considerations." ***Commonwealth v.***

---

[1] These pages are not consecutively paginated, as the brief includes an appendix between these claims.

> *Spotz*, ––– Pa. ––––, 171 A.3d 675, 678 (2017) (citation
> omitted). The time bar can "only be overcome by satisfaction of
> one of the three statutory exceptions codified at 42 Pa.C.S. §
> 9545(b)(1)(i)–(iii)." *Id.* "Questions regarding the scope of the
> statutory exceptions to the PCRA's jurisdictional time-bar raise
> questions of law; accordingly, our standard of review is *de
> novo*." *Commonwealth v. Chester*, 586 Pa. 468, 895 A.2d
> 520, 522 n.1 (2006).

*Commonwealth v. Robinson,* 185 A.3d 1055, 1058–59 (Pa.Super. 2018)

(*en banc*).

Appellant's assertion that the PCRA court "abuse[d] his authority" is

followed by this argument.

> Clearly, trial judge Leon W. Tucker, violated his Oath of office,
> the rules of Professional Conduct, and Ethics, as well this
> Petitioner Keith Brewington's United States, Federal, and
> Pen[n]sylvania Constitutional, and Due Process Rights when he
> u[n]reasonably, and improperly upon receiving petitioner
> Brewington's (hereto attached as Appendix "A") "Motion of
> Petitioner for Enforcement, and Specific Performance of
> Negotiated Plea Agreement and/or Withdraw[a]l of Negotiated
> Nolo-Contendre Plea Due to Breach of Plea Agreement, and/or
> Plea Agreement Procur[]ed through Fraud"[,] turned it into a
> P.C.R.A. appeal, then i[m]properly played the role of the District
> Attorney and researched, and investigated petitioner
> Brewington's case looking for reason(s) to dismiss, and deny
> petitioner's motion. Petitioner Brewington states, and ask "If the
> role of the trial Judge (Leon W. Tucker) is the trier of fact, and is
> to remain impartial, and unbias[ed], and only to rule upon what
> is presented to him from the defendant, and the opposition, (*i.e.*
> District Attorney), and then make a judgment, so if the trial
> Judge cannot do research, and/or investigation into a
> defendant's case to find issues, or evidence to say he deserves a
> evidentiary hearing, or a new trial, then how can Judge Tucker
> then do research, and investigation of a defendant's case to
> deny, and dismiss petitioner's case especially when the District
> Attorney's office filed, and said nothing in opposition? The clear,
> and plain answer is a Judge cannot, and is not permitted to do
> so, thus what Judge Tucker did was, and is highly improper,
> unreasonable, & prejudicial to petitioner Keith Brewington, as

well any other defendant that this was done to. As well by Judge Tucker doing this he unreasonably denied petitioner's motion, and violated his United States, Federal, and Pennsylvania Constitutional, and Due Process Rights, and also improperly denied him access to the courts in the process.

Appellant's brief at 1.

This is the extent of Appellant's argument, and he offers no further explanation as to how the PCRA court erred in dismissing his petition. As a result, we could find his claim waived for failing to develop a proper argument. ***Commonwealth v. Walter***, 966 A.2d 560, 566 (Pa. 2009) (claims may be waived where brief fails to develop an argument with citations or argument). However, the timeliness of a PCRA petition is a legal inquiry that we review *de novo*, and Appellant's confusing presentation has not impeded our resolution of that question.

As stated, the PCRA court viewed all of these petitions as one overarching petition, starting with the April 6, 2009 petition, as later amended by the 2012 and 2016 documents. Appellant's judgment of sentence became final long ago, and, for those petitions which are subject to the PCRA, he was therefore required to plead and prove an exception to the one-year time bar. These exceptions are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition seeking to invoke one of these three exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

There is an analytical difficulty in treating all of these documents as one petition raising several claims. This point is demonstrated by Appellant's March 23, 2016 petition, which correctly noted that the United States Supreme Court held in **Montgomery** that **Miller** applied retroactively. A PCRA petitioner therefore had sixty days from the date of **Montgomery** to seek relief pursuant to the 42 Pa.C.S. § 9545(b)(1)(iii) exception. **See Commonwealth v. Secreti**, 134 A.3d 77, 82–83 (Pa.Super. 2016) ("The date of the **Montgomery** decision (January 25, 2016, as revised on January 27, 2016) will control for purposes of the 60–day rule in Section 9545(b)(2)."). If Appellant has a viable **Miller** claim, his March 23, 2016 petition would qualify as an exception to the time-bar. Simultaneously, the timeliness of that petition could not revive other collateral claims, such as ineffective assistance of counsel. Therefore, the PCRA court erroneously treated the later petitions as amending the 2009 document.

This case in truth involves serial petitions, not one petition as modified by later petitions. In **Commonwealth v. Montgomery**, 181 A.3d 359 (Pa.Super. 2018) (*en banc*), we held that PCRA courts are not jurisdictionally barred from considering serial PCRA petitions, provided that there is not a pending appeal of a PCRA petition. We therefore elect to view the instant order as denying three petitions, which we shall address separately.

August 23, 2012, and March 23, 2016 petitions

For ease of disposition, we address first the 2012 and 2016 petitions. Additionally, we consider these two petitions together, since the former petition sought to invoke **Miller**, while the latter petition cited **Montgomery**, which gave retroactive effect to **Miller**. Therefore, the two petitions present the same question: Is Appellant entitled to relief under **Miller**?

The March 23, 2016 petition was timely filed pursuant to **Secreti**, **supra**. However, this petition was correctly dismissed as untimely because **Miller**'s holding applies only to persons who were under the age of eighteen at the time of their crimes. Appellant was over eighteen when he committed the homicide at issue in this case. Thus, Appellant's argument is that the logic of **Miller**'s holding should extend to him. Our Court has cogently explained why this claim fails.

> [E]ven though he filed within 60 days of the **Miller** decision, Appellant's petition did not satisfy the jurisdictional requirements of Section 9545 because the petition did not present a claim falling within the ambit of the Supreme Court's decision

in ***Miller*** and therefore does not fall under the "newly recognized constitutional right" exception in Section 9545(b)(1)(iii).

. . . .

Appellant argues that he nevertheless may invoke ***Miller*** because he was a "technical juvenile," and he relies on neuroscientific theories regarding immature brain development to support his claim that he is eligible for relief. But, rather than presenting an argument that is within the scope of the ***Miller*** decision, this argument by Appellant seeks an ***extension*** of ***Miller*** to persons convicted of murder who were older at the time of their crimes than the class of defendants subject to the ***Miller*** holding. See Appellant's Brief at 3-7.

We rejected reliance on this same argument for purposes of Section 9545(b)(1)(iii) in ***Commonwealth v. Cintora***, 69 A.3d 759 (Pa.Super.2013). The defendants in ***Cintora*** were 19 and 21 years old at the times of their crimes, but they argued that ***Miller*** should apply to them and others "whose brains were not fully developed at the time of their crimes." ***Id.*** at 764. We stated that "[a] contention that a newly-recognized constitutional right ***should*** be extended to others does not render [a] petition [seeking such an expansion of the right] timely pursuant to section 9545(b)(1)(iii)." ***Id.*** (emphasis in original).

***Commonwealth v. Furgess***, 149 A.3d 90, 93–94 (Pa.Super. 2016) (emphases in original).

Therefore, the PCRA court correctly dismissed the serial petitions seeking to raise the ***Miller*** claims, since those claims do not surmount the one-year time bar.

The April 6, 2009 petition

We now address the 2009 petition. This document is not in the certified record, but our review of the entire record supports the notion that

J-S06014-18

the document included in Appendix A of Appellant's brief is a copy of the April 6, 2009 petition.[2]  The 2009 petition generically sought to attack the validity of Appellant's 1992 *nolo contendere* plea.   The transcript demonstrates the following.   The trial court asked the parties about the status of Appellant's case, and trial counsel informed the court that he had recommended to Appellant that he accept the Commonwealth's offer.   As our prior disposition in 1999 stated, Appellant agreed to plead *nolo contendere* to first-degree homicide.   In exchange, the Commonwealth did not seek the death penalty, and agreed, *inter alia*, to support any petition for commutation.

During the plea discussion, the judge engaged Appellant in a conversation, which included Appellant asking, "When the sentence is

_____

[2] We note that attaching materials to the brief as an appendix is not a substitute for ensuring that the certified record contains the necessary material.  As we have stated:

> This Court may review and consider only items which have been duly certified in the record on appeal.  Furthermore, a document not filed of record does not become part of the certified record by merely making a reproduction and placing that reproduction in the reproduced record.  For purposes of appellate review, what is not of record does not exist.

**Rosselli v. Rosselli**, 750 A.2d 355, 359 (Pa.Super. 2000) (citations omitted).   Herein, the Commonwealth's brief discusses the merits of the claims contained within the petition.  We therefore consider the material in the reproduced record.  **Commonwealth v. Brown**, 52 A.3d 1139, 1145 n.4 (Pa. 2012) ("[T]he written plea colloquy is contained only within the Reproduced Record; however, the accuracy of the reproduction has not been disputed and, thus, we may consider it.") (citation omitted).

commuted, when does that take place?" The judge replied, "I can't tell you. It could be 12 years. It could be 15 years. It could be 18 years." N.T. Plea, 4/2/92, at 12. The court took a recess for lunch, and, when the parties reconvened, Appellant entered a plea of *nolo contendere*. The trial court closed the proceedings by stating, "You will get out before you are even middle-aged, and when you get out, you will have something to work with." *Id*. at 45.

Turning to the legal arguments, Appellant raised a number of challenges to his plea, which may be summarized as follows: the trial judge impermissibly participated in his plea negotiations, causing him to enter an involuntary plea. Recognizing that the time to raise that issue has long since passed, Appellant states that "all prior P.C.R.A. counsels were ineffective (denied petitioner effective assistance) for failing to raise trial judge's (illegal/improper participation)[.]" Appellant's brief at 6 (unpaginated).

The PCRA subsumes all requests for post-conviction relief for which it offers a remedy. *Commonwealth v. Turner*, 80 A.3d 754, 770 (Pa. 2013). Clearly, the PCRA offered a remedy for these claims. *See Commonwealth v. Johnson*, 875 A.2d 328, 332 (Pa.Super. 2005) (considering under the PCRA claims that trial counsel ineffectively failed to act when trial judge actively pressured the defendant to accept a plea offer). Thus, these claims were subject to the PCRA. Appellant cannot evade the time-bar by asserting that all prior attorneys rendered ineffective assistance by neglecting this

issue. ***Commonwealth v. Robinson***, 139 A.3d 178, 186 (Pa. 2016) ("[I]t is well-settled that couching a petitioner's claims in terms of ineffectiveness will not save an otherwise untimely filed petition from the application of the time restrictions of the PCRA.").

Finally, Appellant's petition claimed that he was entitled to specific performance as called for by the plea bargain. As the Commonwealth's brief states, it agreed to the following:

> In return for his plea and cooperation in any investigations involving Troy Williams and his associates, the Commonwealth agreed to forfeit its right to seek the death penalty, to recommend that defendant's sentence of life-imprisonment be ordered to run concurrently with the sentence for the prior murder conviction, [and] to support a petition for commutation filed by defendant by informing the Parole Board of defendant's cooperation in its investigations[.]

Commonwealth's brief at 3.

Appellant sought specific performance of these terms, namely, its support for a petition for commutation. We find that this claim was not subject to the PCRA. In ***Commonwealth v. Partee***, 86 A.3d 245 (Pa.Super. 2014), the appellant filed a petition seeking enforcement of his plea bargain with respect to how long he was required to register as a sex offender. The trial court treated the petition as subject to the PCRA, and dismissed on timeliness grounds. We disagreed.

> **We note that the within petition is not an attack on Appellant's sentence**, nor is he alleging that he is innocent of the offenses of which he was convicted. Appellant is not asserting that his conviction or sentence resulted from a violation of the Constitution, ineffective assistance of counsel, an

- 12 -

unlawfully-induced plea, obstruction by government officials of his right to appeal, newly-discovered evidence, an illegal sentence, or a lack of jurisdiction. 42 Pa.C.S. § 9543(a)(2). In short, we agree with Appellant that his claim does not fall within the scope of the PCRA and should not be reviewed under the standard applicable to the dismissal of PCRA petitions.

*Id*. at 247 (emphasis added).

To the extent that Appellant's petition sought this relief as an alternative to his involuntary plea claim, the same is true herein. Thus, the PCRA court erred by treating this claim as part of the PCRA proceedings.[3] Nonetheless, Appellant is not entitled to relief, and the PCRA court therefore did not err in dismissing the petition.

Assuming *arguendo* that the trial court could enter an order directing the Commonwealth to support his efforts to have his sentence commuted, Appellant breached his end of the bargain. As the Commonwealth's brief notes:

[Appellant], however, ignores that the Commonwealth promised such support in return for his cooperation in any investigations involving Troy Williams and his associates, and the support would consist of its informing the Parole Board of that cooperation (N.T. 4/2/92, 3, 19-20, 42). As defendant himself has conceded under oath, after he entered his *nolo contendere* plea he refused to assist the Commonwealth in its investigations (N.T. 5/7/97, 94-96).

Commonwealth's brief at 10.

_____

[3] We assume without deciding that the trial court erred in failing to parse out the claims. Our research has not discovered any case involving a petition that raised mixed claims in which some were subject to the PCRA, but others were not.

We agree that Appellant is not entitled to specific performance because Appellant breached the agreement by failing to cooperate. *Id*. at 250 ("[H]aving failed to abide by the terms of the plea bargain, that agreement is no longer in effect, and hence, [Partee] is not entitled to specific performance.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/18