**Lori J. ROSSELLI, Appellee,**

v.

**Ernest T. ROSSELLI, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 22, 1999.

Filed April 4, 2000.

---

Dwight L. Koerber, Jr., Clearfield, for appellant.

Carl A. Belin, Jr., Cleafield, for appellee.

Before EAKIN, LALLY–GREEN and BROSKY, JJ.

LALLY–GREEN, J.:

¶ 1 Husband, Earnest T. Rosselli, brings this appeal from an order determining equitable distribution of the parties' marital assets. We quash the appeal.

¶ 2 The facts of the case as stated by the trial court are as follows.

The marriage of the parties on August 13, 1977, was the first for both parties. Their children, Christy Michelle and Chad Michael, were born on April 6, 1979, and July 29, 1981, respectively. The parties have at all times resided in this Commonwealth. Following separation on August 20, 1996, the proceedings were bifurcated and this Court entered a divorce decree on October 17, 1997. Hearing was held on April 1–3, June 17–19 and on October 1 and 2, 1998. Following the conclusion of testimony, the attorneys requested the transcript and an appropriate briefing schedule was ordered. Briefs have been timely received, and the matter is now set for decision. The unresolved issues consist of the following: equitable distribution including valuation of the businesses, child support, alimony pendente lite and attorney's fees and costs.

The parties stipulated to the value of certain real and personal property. In reaching the stipulated values, the parties sought the opinions of appraisers and experts. In reaching the value of the Rosselli business entities, extensive expert testimony was presented. Because there is no agreement between the parties as to the valuation of the business entities, those issues were the focus of the hearing. Much time was spent explaining valuation techniques, accounting principles and the variables that comprise the figures. The businesses themselves were also described in detail. The Rosselli enterprises include;[sic] Rosselli Trucking, ETR Racing, E & L Brokerage, BAM Aviation, Beneficial Ash Management (BAM) and Municipal Ash Management (MAM).

Trial Court Opinion at 1–2, (footnotes omitted).

¶ 3 After the hearings, the trial court entered an order and opinion which determined what items were marital assets, established valuations dates, placed values on the family businesses and determined a purchase scheme. Docket Entry 58. Thereafter, Husband filed the instant appeal. Docket Entry 59.

¶ 4 Husband raises the following issues for our review:

I. WHETHER THE LOWER COURT UNFAIRLY PUNISHED THE APPELLANT BECAUSE OF TESTIMONY HE PRESENTED IN THE CHILD SUPPORT PHASE OF THE CASE.

II. WHETHER THE DISALLOWANCE OF A MARKETABILITY DISCOUNT WHEN VALUING THE SUBJECT BUSINESSES IS CONTRARY TO EXISTING LAW.

II. WHETHER THE PROPER DATE FOR VALUING THE BUSINESS ENTITIES IS THE DATE MOST PROXIMATE TO THE DATE OF DISTRIBUTION AND NOT THE DATE OF SEPARATION.

IV. WHETHER THE LOWER COURT ERRED IN FAILING TO RECOGNIZE THAT THE BUSINESS ENTITIES WERE ESSENTIALLY SYNONYMOUS WITH APPELLANT, AND HENCE NOT TRANSFERABLE WITHOUT RESTRICTIVE COVENANT.

V. WHETHER IT WAS AN ABUSE OF DISCRETION FOR THE LOWER COURT TO FIND CERTAIN HIGHLY RELEVANT EVIDENCE TO BE CREDIBLE, AND THEN NOT CONSIDER IT IN REACHING ITS DECISION.

VI. WHETHER A LONG TERM BUY–OUT REMEDY IS CONTRARY TO THE CONCEPT OF ECONOMIC JUSTICE.

Appellant's Brief at 4.

¶ 5 Also before this court is a motion to quash or dismiss appeal filed by Wife, Lori J. Rosselli. Wife argues that Husband has egregiously violated the Pennsylvania Rules of Appellate Procedure regarding reproduced records and should be sanctioned by a dismissal of his appeal. We agree.

¶ 6 Pa.R.A.P. 2101 provides:

Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant, and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101. Similarly, Pa.R.A.P. 2188, regarding consequences for failure to file a brief or reproduced records, provides in part:

If an appellant fails to file his designation of reproduced record, brief or any required reproduced record within the time prescribed by these rules, or within the time as extended, an appellee may move for dismissal of the matter.

Pa.R.A.P. 2188

¶ 7 Compliance with the Pennsylvania Rules of Appellate Procedure 2152–2154 regarding contents of reproduced records on appeal is mandatory, not directory. *Pennsylvania Human Relations Commission v. Ammon K. Graybill, Jr., Inc., Real Estate,* 482 Pa. 143, 393 A.2d 420, 422 n. 3 (1978); *Gigliotti v. Machuca,* 409 Pa.Super. 50, 597 A.2d 655, 656–657, n. 3 (1991).

¶ 8 Wife claims Husband has violated numerous Rules of Appellate Procedure concerning the reproduction of the record. Pa.R.A.P. 2154, concerning designation of contents of reproduced records, provides:

(a) **General rule**. Except when the Appellant has elected to proceed under Subdivision (b) of this rule, Appellant shall, not later than 30 days before the date fixed by or pursuant to Rule 2185 (time for serving and filing briefs) for the filing of his brief, serve and file a designation of the parts of the record which he intends to reproduce and a brief statement of issues which he intends to present for review. . . . The Appellant shall include in the reproduced record the parts thus designated. In designating parts of the record for reproduction, the parties shall have regard for the fact that the entire record is always available to the court for reference and examination and shall not engage in unnecessary designation.

(b) **Large records**. If the Appellant shall so elect, or if the appellate court has prescribed by rule of court for classes of matters or by order in specific matters, preparation of the reproduced record may be deferred until after briefs have been served. Where the Appellant desires thus to defer preparation of the reproduced record, the Appellant shall, not later than the date on which his designation would otherwise be due under Subdivision (a) serve and file notice that he intends to proceed under this subdivision. The provisions of Subdivision (a) shall apply, except that the designations referred to therein shall be made by each party at the time his brief is served, and a statement of the issues presented shall be unnecessary.

Pa.R.A.P. 2154

¶ 9 Here, on April 26, 1999, Husband filed his brief along with two volumes of an alleged reproduced record. Pursuant to Rule 2154(a), his designation of the record was due thirty days earlier. Husband admits that he neither filed a designation of the record pursuant to Pa.R.A.P.

2154(a) nor otherwise complied with the requirements of Pa.R.A.P. 2154(a). Also, the record reflects Husband did not elect to proceed under the large record option afforded through Pa.R.A.P. 2154(b).[1] Reply to Motion to Quash or Dismiss Appeal at paragraph 3. Thus, Husband ignored the dictates of Rule 2154 when Husband filed a two volume reproduced record with his brief on April 26, 1999.

¶ 10 Next, we observe Husband filed the two volume reproduced record that excluded items relevant to our review of the issues presented yet included items not of record. Pa.R.A.P. 2152, regarding content and effect of the reproduced record, provides:

(a) **General rule.** The reproduced record shall contain:

(1) The relevant docket entries and any relevant related matter (see Rule 2153 (docket entries and related matter)).

(2) Any relevant portions of the pleadings, charge or findings (see Rule 2175(b)(order and opinions) which provides for a cross reference note only to orders and opinions reproduced as part of the brief of Appellant).

(3) Any other parts of the record to which the parties wish to direct the particular attention of the appellate court.

(b) **Immaterial formal matters.** Immaterial formal matters (captions, subscriptions, acknowledgements, etc.) shall be omitted.

(c) **Effect of reproduction of record.** The fact that parts of the record are not included in the reproduction of record shall not prevent the parties or the appellate court from relying on such parts.

Pa.R.A.P. 2152.

¶ 11 Husband's 470 page reproduced record contains the following items: (1) a

---

**1.** We note that the certified record delivered from the Court of Common Pleas may be defined as voluminous as it contains: (1) a record in four parts, (2) eight bound notes of

testimony; (3) one bound deposition; and (4) five folders containing 196 multi-page exhibits.

table of contents; (2) docket entries from the Court of Common Pleas of Clearfield County (1a–5a); (3) an order for special relief (6a–7a); (4) the decree in Divorce (8a); (5) a brief on behalf of Husband submitted to the Court of Common Pleas (9a–184a); (6) a brief on behalf of Wife submitted to the Court of Common Pleas (185a–265a); (7) a motion for special relief (266a–272a); (8) five exhibits admitted by Husband before the trial court (273a–424a); and (9) two exhibits admitted by Wife before the trial court (425a–470a).[2]

¶ 12 Noticeably missing from the reproduced record is any reproduction of the more than 1400 pages from the notes of testimony taken during the eight days of hearings held before the trial court. Throughout his brief, Husband has extensively cited testimony from portions of the certified record, which he chose not to include in the reproduced record. In total, Husband's brief contains twenty different citations to six different days of hearing testimony. Husband refers this Court to a sum of 165 pages from the notes of testimony, which he did not reproduce. *See* Husband's Brief at pages 6, 7, 18, 19, 26, 28, 30, 35, 37, 39, 45, 47, and 50.

¶ 13 While the above 165 page omission may be overlooked, we are troubled by the exclusions in light of the other documents which Husband included in the reproduced record, *i.e.*, the trial briefs of both Husband and Wife.

¶ 14 This Court may review and consider only items which have been duly certified in the record on appeal. *Commonwealth v. Young*, 456 Pa. 102, 115, 317 A.2d 258, 264 (1974); *Commonwealth v. Gonzalez*, 415 Pa.Super. 65, 608 A.2d 528, 530, n. 1 (1992); Pa.R.A.P.1921. Furthermore, a document not filed of record does not become part of the certified record by merely making a reproduction and placing that reproduction in the reproduced record. *In re Estate of Brown*, 422 Pa.Super. 448, 619 A.2d 762, 764, n. 2 (1993). For purposes of appellate review, what is not of record does not exist. *Frank v. Frank*, 402 Pa.Super. 458, 587 A.2d 340, 343 (1991).

¶ 15 The brief of Husband (9a–184a) and of Wife (185a–265a) amount to 255 pages of the 470 pages of reproduced record Husband submitted. These briefs are not part of the certified record on appeal and are not listed in the certified copy of the docket entries. Consequently, the briefs to the trial court, as extraneous documents, have no place in the reproduced record, since they are not part of the certified record before this Court.[3]

¶ 16 While this Court has, in the past, admonished appellants who have failed to comply with the Rules of Appellate Procedure, we have also warned that in appropriate cases we will not hesitate to impose sanctions, including dismissing or quashing an appeal under Pa.R.A.P. 2101 and 2188. *See In re Crespo*, 738 A.2d 1010, 1013 (Pa.Super.1999); *Gigliotti v. Machuca, supra.* In this case, Husband's disregard for

---

**2.** We note that a copy of the February 8, 1999 Opinion and Order of the trial court was appended to Husband's brief.

**3.** We also observe other significant irregularities on the part of Husband. Husband's brief to this Court contains nine citations to his trial court brief. *See* Husband's Brief at 18, 21, 37, 39, 41, 50 and 51. These citations reference a total of 34 pages of the lower court brief, which, as mentioned above, is not a document permissible for review. Husband also inappropriately directs this Court to refer to his brief to the lower court, again which is not part of the reviewable record, for further discussion on particular issues. For example, at page 21 of his appellate brief, Husband has this directive in footnote 4: "See Mr. Rosselli's Post–Hearing Brief where these issues are addressed (R. 23a–34a)." At page 50 of his appellate brief, Husband directs as follows: "For further detail, we would direct the Court's attention to pages 12–16 of the post-hearing brief which was filed on behalf of Mr. Rosselli (R.25a–29a) and pages 21 or 25 of that brief (R.34a–38a), as they present Mr. Blazosky's evidence in greater detail and bring home the significance of it."

many of the Rules of Appellate Procedure, coupled with attempts to misdirect this Court's review to documents not of record, leads us to the conclusion that sanctions are necessary.[4] Accordingly, we grant Wife's motion filed pursuant to Pa.R.A.P. 2188 and quash this appeal.

¶ 17 Appeal quashed.

---

**4.** We note that had this Court chosen to ignore Husband's violations of the Pennsylvania Rules of Appellate Procedure and addressed the issues presented, we would have found the issues presented by Husband to lack merit and would have affirmed the order below on the basis of the well-crafted and thoughtful thirty-three page trial court opinion authored by the Honorable Fredric J. Ammerman and dated February 8, 1999.