J-S14006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. SUCCESSOR BY MERGER TO WACHOVIA BANK, N.A. | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| PATRICK F. COSTANTINO, A/K/A PASQUALE F. COSTANTINO, A/K/A PATRICK COSTANTINO, KAREN E. COSTANTINO, A/K/A KAREN ANN KARBOSKI AND THE UNITED STATES OF AMERICA | : : : : : : : : : | |
| APPEAL OF: PATRICK F. COSTANTINO, A/K/A PASQUALE F. COSTANTINO, A/K/A PATRICK COSTANTINO | : : : : | No. 607 MDA 2016 |

Appeal from the Order Entered March 14, 2016
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 2014-06640

BEFORE: GANTMAN, P.J., SHOGAN, J., and STRASSBURGER, J.*

MEMORANDUM BY GANTMAN, P.J.: **FILED MARCH 28, 2017**

Appellant, Patrick F. Constantino a/k/a Pasquale F. Constantino a/k/a Patrick Constantino, appeals from the order of the Luzerne County Court of Common Pleas, which entered summary judgment in favor of Appellee, Wells Fargo Bank, N.A., in this mortgage foreclosure action. We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case. Therefore, we have no reason to

_____

*Retired Senior Judge assigned to the Superior Court.

restate them.[1]

Appellant raises two issues for our review:

> DID THE [TRIAL] COURT…ERR AS A MATTER OF LAW IN DISMISSING [APPELLANT]'S NEW MATTER ASSERTING THAT [APPELLEE]'S MORTGAGE WAS UNLAWFUL AND IN CONTRAVENTION OF BANKING REGULATIONS?
>
> DID THE [TRIAL] COURT ERR AS A MATTER OF LAW IN GRANTING [APPELLEE]'S MOTION FOR SUMMARY JUDGMENT?

(Appellant's Brief at 4).

With respect to Appellant's first argument challenging "the dismissal of his new matter," we observe that appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. ***Rosselli v. Rosselli***, 750 A.2d 355 (Pa.Super. 2000), *appeal denied*, 564 Pa. 696, 764 A.2d 50 (2000) (citing Pa.R.A.P. 2101). ***See also*** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of brief on appeal). Regarding the argument section of an appellate brief, Rule 2119(a) provides:

> **Rule 2119. Argument**
>
> **(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall

---

[1] We make the following additions to the trial court's Rule 1925(a)(1) opinion: Appellant and then-wife, Karen Constantino a/k/a Karen Ann Karboski, executed the residential mortgage and promissory note in favor of Wachovia Bank, N.A. on May 5, 2007. Appellant has not made a single payment since he defaulted on the mortgage on January 26, 2012, and the last payment he made was on December 28, 2011.

have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).  Importantly:

The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities.  This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority.  Failure to cite relevant legal authority constitutes waiver of the claim on appeal.

*In re Estate of Whitley*, 50 A.3d 203, 209 (Pa.Super. 2012), *appeal denied*, 620 Pa. 724, 69 A.3d 603 (2013) (internal citations and quotation marks omitted).  *See also Lackner v. Glosser*, 892 A.2d 21 (Pa.Super. 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention); *Estate of Haiko v. McGinley*, 799 A.2d 155 (Pa.Super. 2002) (stating rules of appellate procedure make clear appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned discussion of law in appellate brief, this Court's ability to provide appellate review is hampered, necessitating waiver of issue on appeal).

Instantly, Appellant fails to cite relevant legal authority to support his argument that the mortgage was unlawful.  Instead, he merely cites the legal standard for summary judgment.  Appellant baldly states that the

mortgage was unlawful and violated banking regulations because "the cross-collateralization of the loan with the loan of…Appellant's former wife was done after the parties were divorced." Appellant's argument is incoherent and unsupported by relevant legal authority. Appellant's failure to develop his claim on appeal precludes meaningful review and arguably constitutes waiver of his first issue on appeal. *See* Pa.R.A.P. 2119(a); Pa.R.A.P. 2101; *Whitley, supra*; *Lackner, supra*; *Haiko, supra*.

Moreover, with respect to both issues on appeal, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Lesa S. Gelb, we agree Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed June 3, 2016 at 7-16) (finding: preliminarily, Appellant filed 14-issue Rule 1925(b) statement; this case is straightforward mortgage foreclosure action where all relevant facts were presented to court; case does not factually or procedurally justify identification of 14 issues for appellate review; Appellant's Rule 1925(b) statement includes issues, which are entirely misplaced and not intended to be addressed with Superior Court; Appellant's Rule 1925(b) statement is nothing more than attempt to delay final determination in this matter; Appellant waived all issues on appeal for filing unnecessarily complex, incoherent, and lengthy Rule 1925(b) statement; moreover, **(1)** Appellant's new matter did not raise any material issues of

- 4 -

fact but merely stated conclusions of law irrelevant to this foreclosure action; in Appellant's response to Appellee's summary judgment motion, Appellant failed to identify relevant facts in dispute or point to contradictions in record; specifically, Appellant failed to: (a) attach to his response supporting documents; (b) make factual allegations related to other loans and guaranties; and (c) properly identify any cross-collateralization provision; information related to other loans and guaranties are not in record; Appellant failed to identify issue of material fact related to cross-collateralization clause; **(2)** Appellant baldly denied in his answer to Appellee's complaint that he is in default under mortgage and amount due and owing on mortgage; Appellant failed to identify in his answer those payments he claims he made under mortgage; information on Appellant's payments not stated in complaint was within Appellant's control; therefore, Appellant's denial of default is deemed admission of default and amount due and owing under mortgage; Appellant's response to motion for summary judgment rested completely on pleadings; Appellant failed to attach supporting documents to demonstrate genuine issue of material fact). Therefore, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/28/2017