J-S56002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SCOTT TRAVALINE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ESTATE OF KATHLEEN KRIEBEL | : | No. 296 EDA 2020 |
| CHARLENE CASSEL | : | |

Appeal from the Order Dated December 16, 2019
In the Court of Common Pleas of Montgomery County Orphans' Court at
No(s):  2011-X2525

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    Filed: March 11, 2021

Scott Travaline (Appellant or Petitioner) appeals *pro se* from the December 16, 2019 order[1] issued by the Montgomery County Orphans' Court, which confirmed the First and Final Account submitted by Charlene A. Cassel (Cassel), Executrix of the Estate of Kathleen Kriebel (Decedent).  After review, we dismiss.

Decedent died on June 29, 2010.  Her will, dated April 26, 2006, was probated on August 1, 2011.  On October 27, 2015, Appellant, who was Decedent's nephew, filed objections, and on March 18, 2019, a hearing was

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The December 16, 2019 order was entered on the trial court docket on December 17, 2019.

held before the orphans' court. In its opinion, the court provided its reasons for overruling Appellant's objections, and its order confirmed the First and Final Account. The court set forth the relevant facts and history of this matter,[2] as follows:

> For forty years, Decedent and her husband, Charles Kriebel, Sr., lived at 1052 Ridge Road in Skippack, PA ("property")[,] where Mr. Kriebel used an adjacent structure to run an appliance repair business. The couple also collected and stored vintage items throughout the house, including the basement and attic.
>
> When Mr. Kriebel died in 2006, Decedent moved away, leaving behind a residence and adjacent structure full of personal property. Although Decedent's son, Charles Kriebel, Jr., continued to use the repair area, the residence remained unoccupied until November 2008[,] when Petitioner began the process of moving in. Petitioner completely moved into the residence in February 2009.
>
> Decedent allowed Petitioner to live in the residence rent-free with the understanding that he would remain current with property tax payments and that he would make needed repairs to the residence. There was no agreement between Petitioner and Decedent regarding the disposition of Decedent's personal property during his use of her residence. In the months leading up to [a] fire [that occurred at the premises on March 11, 2011], Petitioner made two payments on the residential insurance policy that was owned by the estate.
>
> Upon moving into the residence, Petitioner began to use the property for his business purposes, bringing in non-appraised flea

---

[2] Appellant previously had filed an appeal to this Court in this case, following a trial on July 31, 2012. In that matter, Appellant requested specific performance in an attempt to enforce "an alleged written agreement of sale or, in the alternative, enforcement of an oral contract pursuant to an exception to the statute of frauds." *Estate of: Kathleen Kriebel, Dec'd*, 2885 EDA 2012, unpublished memorandum at 1 (Pa. Super. filed Oct. 25, 2013). After review, this Court concluded that Appellant had failed to establish entitlement to specific performance.

market, yard sale[,] and auction sale items to store for his planned antiques business. Petitioner made no significant efforts to distinguish his business property from the personal property belonging to Decedent or her family members. Petitioner claims that one or two months before the March 2011 fire, he took photos of his property for "inventory for taxes to show what I had bought." This inventory was not reflected in his 2011 federal income tax return as business property. Despite the fire and consequential loss of his business inventory in March 2011, Petitioner's 2011 federal income tax return denotes there were no changes in inventory from the previous year. The return does not list a value for the business inventory.

During his residency, Petitioner also sold plants, antiques[,] and produce on the property. Petitioner described his businesses as "cash and carry" businesses, although his 2011 income tax return identifies his business as "landscaping."

Petitioner remained in the residence after Decedent's death on June 29, 2010. In her will, Decedent named her daughter, Charlene Cassel, as executrix. After Decedent's death, the relationship between Petitioner and Decedent's children became contentious, with numerous disputes over ownership of personal property and the use of real estate property. No evidence was presented at trial regarding a written or verbal rental agreement between Petitioner and the estate from Decedent's date of death to Petitioner's eviction from the property in March 2011 due to the fire.

Petitioner's evidence was viewed by this court as suspect. Petitioner's aforementioned statements at trial[,] which contradict his federal income tax return[,] significantly diminish his credibility as a witness. Petitioner's evasive responses to questions regarding the accuracy of his income reporting for tax purposes were never clarified, leading this court to contemplate Petitioner's honesty. Petitioner's stated lack of knowledge regarding the outcome of his State Farm insurance claim strongly tested this court's assessment of his character: Surely[,] if the insurance claim was granted, Petitioner would not be pursuing the claim to recover for the same items in this court.

Orphans' Court Opinion, 12/16/19, at 2-4 (citations to the record omitted).

The court further noted:

The [E]state received $118,000 from the insurance company for damages caused by the fire. Petitioner's claim to the insurance company for his personal items was denied. Petitioner seeks to recover from the estate the value of his personal property lost in the fire. The sum of damages sought by Petitioner is approximately $127,000.

*Id.* at 2.

Following the court's denial of Appellant's objections and its confirmation of the Account, Appellant filed this appeal to our Court, raising nine issues for our review, which extend over 6½ pages of his brief. The Pennsylvania Rules of Appellate Procedure direct that in a Statement of Questions Involved in an appellant's brief:

The statement of the question involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. The statement will be deemed to include every subsidiary question fairly comprised therein.

Pa.R.A.P. 2116(a). Appellant has failed to comply with this Rule. As an example of this failure, we reproduce Appellant's fourth issue *verbatim*, which is one of the more concise issues set forth by Appellant.

The Insurance company paid $118,135.90 for the Contents of said property of the Estate. At trial Executrix Cassel (exhibit 2a,b,c,d) States That She could only identify $9,924.57 of the contents that belonged to the Estate. Why did the trial court deny Travaline his Claim for $93,884.00 interior goods, $37,668.00 exterior Property (pictures and lists of inventory exhibit 4a thru e,10,11 Her honor and appellees at Trial court had pictures certified (exhibits 5a thru I,10,11). Was this an error of law and or an abuse of discretion against Mr Travaline by the Trial Court? Why wasn't his claim honored?

Appellant's brief at 6. However, if Appellant's failure did not extend beyond Rule 2116(a), this Court could overlook the violation of this Rule. Unfortunately for Appellant, that is not the situation.

Initially, we note that Pa.R.A.P. 2101 provides that:

Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

In addition to Appellant's lack of compliance as to his stated issues, he failed to comply with Pa.R.A.P. 2115, which requires that the text of the order appealed from to be "set forth verbatim" in the brief. Furthermore, Appellant failed to file a reproduced record; rather, he attaches numerous documents to his brief, some of which are not a part of the certified record. **See** Pa.R.A.P. 2188 ("If an appellant fails to file his designation of [the] reproduced record, brief or any required reproduced record within the time prescribed by these rules, … an appellee may move for dismissal of the matter."). The Estate points out this and other errors in its brief. **See** Estate's brief at 2. **Also see Rosselli v. Rosselli**, 750 A.2d 355 (Pa. Super. 2000).

Additionally, Appellant's argument section of his brief extends from page 19 through page 24 and fails to comply with Pa.R.A.P. 2119(a), which states:

**General rule.** The argument shall be divided into as many parts as there are question to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein,

> followed by discussion and citation of authorities as are deemed pertinent.

The argument section of Appellant's brief is not at all subdivided; nor are headings used to identify the issues addressed. Rather, Appellant sets forth confusing and incomprehensible arguments that are not directed or identified as addressing any of the alleged issues purportedly raised. "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." ***Giant Food Stores, LLC v. THF Silver Spring Dev., L.P.***, 959 A.2d 438, 444 (Pa. Super. 2008).

We simply cannot overlook all of these errors. Because Appellant has failed to comply in substantial respects with the Rules of Appellate Procedure, we are unable to perform effective appellate review and, thus, we are compelled to dismiss Appellant's appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/21