**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| STEVEN C. DERK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COAL TOWNSHIP GEISINGER | : | No. 1702 MDA 2022 |
| MEDICAL CENTER | : | |

Appeal from the Order Entered December 22, 2020
In the Court of Common Pleas of Northumberland County
Civil Division at No(s):  CV-2020-00725

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:          **FILED: JANUARY 5, 2024**

Steven Derk appeals *pro se* from the Northumberland County Court of Common Pleas' order granting the preliminary objections of Coal Township Geisinger Medical Center ("Geisinger") and dismissing Derk's complaint against Geisinger with prejudice. Because of Derk's failure to comply with the Rules of Appellate Procedure, we quash the appeal. We also grant Geisinger's application to strike certain appendices Derk attached to his brief as they were not made a part of the certified record.

Derk filed a writ of summons and a complaint for declaratory and injunctive relief against Geisinger on March 30, 2020, essentially alleging medical malpractice against Geisinger as it related to his mother's death. It is

_____

[*] Retired Senior Judge assigned to the Superior Court.

undisputed that Derk did not have the writ or the complaint served by a sheriff. Derk filed a "Declaration of [Judgment] Against Defendant of Non-Response to Civil Summons" on September 21, 2020. Geisinger then filed preliminary objections to Derk's complaint raising multiple objections.

On December 22, 2020, the trial court entered an order granting Geisinger's preliminary objections and dismissing Derk's complaint with prejudice on the basis that: (1) the complaint and writ of summons were not directed to the Sheriff's office for proper service as required by Pa.R.C.P. 400(a); (2) Derk lacked the standing or capacity to sue as he had not averred that any estate had been raised on behalf of his mother; and (3) Derk failed to state specific facts to support a claim of professional negligence. *See* Trial Court Order, 12/22/2020 (single page).

Although the trial court's order was entered on the docket, the prothonotary did not notify the parties of the order's entry in compliance with Pa.R.C.P. 236. Derk filed a notice of appeal nearly two years later, on October 25, 2022. This Court entered an order directing the trial court prothonotary to provide the requisite Rule 236 notice to the parties and update the docket to reflect that such notice had been given. "Once the prothonotary complies with this order's directives, the notice of appeal previously filed in this case will be treated as filed after the provision of the Rule 236 notice. *See* Pa.R.A.P. 905(a)." Order, 3/27/23, at 2. The prothonotary complied, and Derk's notice of appeal was deemed timely filed.

The trial court ordered Derk to file a 1925(b) statement, and Derk complied. The trial court issued a statement in lieu of a 1925(a) opinion, reiterating its findings that Derk lacked standing, that he had not effectuated proper service as required by Rule 400(a) and that the complaint did not make out a claim of professional negligence. The trial court also noted that Derk raised allegations of the trial court's bias for the first time in his Rule 1925 statement, but the court rejected the claims that it had been biased. **See** Statement in Lieu of Opinion, 10/17/2022, at 1-2.

On appeal, Derk purports to raise six issues. However, his brief utterly fails to comply with our Rules of Appellate Procedure. Derk's brief does not contain a statement of jurisdiction, statement of the scope of review and the standard of review, or a summary of the argument. **See** Pa.R.A.P. 2111(a)(1),(a)(3),(a)(6). While Derk does provide an "argument of the case" section, it is eight pages of single-spaced argument containing, at several points, information of questionable relevance. **See** Pa.R.A.P. 124. With the exception of his argument relating to one of his issues, Derk cites no legal authority to support his assertions. **See** Pa.R.A.P. 2119(a). Geisinger also specifically complains that Derk did not set forth the place in the record where he preserved his issues. **See** Appellee's Brief at 4; Pa.R.A.P. 2117 (c); 2119 (e).

Further, Derk did not attach the trial court's statement in lieu of a Rule 1925 opinion, in violation of Pa.R.A.P. 2111 (a)(10) and (b), or a copy of the

statement of errors complained of on appeal to his brief, in violation of Pa.R.A.P. 2111 (a)(11). However, Derk did attach several appendices to his brief which are not part of the certified record, which, as discussed more fully below, Geisinger has moved to strike.

Derk also filed a reply brief with this Court, in which he claims to have "newly discovered evidence," apparently a 2004 case he came across in the prison law library after filing his initial brief. He does not coherently explain the connection of that case to the instant matter in his reply brief's six pages of single-spaced text or how it is responsive to Geisinger's brief. He cites no legal authority in the brief. His reply brief, therefore, also violates the Rules of Appellate Procedure. *See* Pa.R.A.P. 124; Pa.R.A.P. 2113 (providing that an appellant may file a reply brief "in reply to matters raised by appellee's brief").

Given Derk's substantial non-compliance with the Rules of Appellate Procedure, we are constrained to quash his appeal. *See* Pa.R.A.P. 2101; ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017) (stating that when an appellate brief does not conform materially to the requirements of the Rules of Appellate Procedure, this Court may quash the appeal). We recognize Derk is proceeding *pro se*. Still, even *pro se* litigants must comply with the Rules of Appellate Procedure. ***See Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa. Super. 2003). Derk has not done so here.

Even if we declined to quash the appeal on the basis of Derk's deficient brief, we would still conclude that the trial court properly dismissed the matter given that Derk did not properly serve the complaint or writ.

With some exceptions not relevant here, Pa.R.C.P. 400(a) requires a sheriff to serve original process within the Commonwealth. Derk does not dispute that a sheriff did not serve his complaint against Geisinger. He maintains that he tried to contact the Sheriff's office to determine the appropriate way to serve his complaint but never received a response. **See** Appellant's Brief at 6. Consequently, Derk contends he decided to serve the complaint by certified mail and baldly alleges this represented a good-faith attempt to properly serve Geisinger and that "he did his very best." **Id.** at 7. He goes on to state that he is serving a life sentence for a first-degree murder conviction, and claims he had his sister attempt to serve Geisinger a second time when he was being held in "SCI-Greene RHU under [retaliatory] misconduct." **Id.** at 6.

There are several problems with Derk's argument. First, it appears he is arguing for the first time that he wrote to the Northumberland County Sheriff's office in an attempt to discern the proper way to effect service of his complaint. He certainly does not point to the place in the record where he raised this issue before the trial court, and we fail to see such an argument in the record. Of course, as Geisinger points out, Derk cannot raise new issues on appeal. **See** Pa.R.A.P. 302.

In support of this assertion, Derk attaches the letter he purportedly wrote to the Sheriff's office to his brief as an appendix (Appendix 6-F). But the letter is not part of the certified record, and we therefore cannot consider it. **See Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*). Similarly, Derk attaches a copy of an undated postal service form (Appendix 7-G), an undated certified mail receipt (Appendix 9-I), and a second postal service form signed "Covid" (Appendix 10-J); but again, these documents are not part of the certified record and we cannot consider them on appeal. **See id.** As this Court has stated, "a document not filed of record does not become part of the certified record by merely making a reproduction and placing that reproduction in the reproduced record." **See Rosselli v. Rosselli,** 750 A.2d 355, 359 (Pa. Super. 2000).

In the end, even had Derk provided this Court with a brief that complied with the Rules of Appellate Procedure, he has failed to show the trial court erred in finding he had not properly served the complaint and dismissing it with prejudice for that reason.

As noted above, Geisinger filed an application to strike several of the appendices Derk has now attached to his brief, arguing that this Court cannot consider them as they are not part of the certified record. Specifically, Geisinger moves to strike the appendices referenced above, Appendix 6-F, 7-G, 9-I and 10-J, as well as Appendix 5-E, which is a document titled Family Settlement Agreement which, like the appendices just listed, was also not

made a part of the certified record. We grant the application to strike. ***See***

Pa.R.A.P. 1921, 2152; ***Rosselli***, 750 A.2d at 359.

Appeal Quashed. Application to Strike granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 01/05/2024