J-S43043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| GALILA AHMED | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YASSER SALEM | : | |
| | : | |
| Appellant | : | No. 1744 EDA 2024 |

Appeal from the Order Entered June 5, 2024
In the Court of Common Pleas of Chester County Civil Division at No(s):
2023-10222 PFA

BEFORE:  BOWES, J., STABILE, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:               **FILED JANUARY 15, 2025**

Yasser Salem (Salem) appeals the order issued by the Chester County Court of Common Pleas denying his "Motion to Vacate Default Judgment of Final Order of Protection From Abuse and Restore Matter to Trial Court Docket for Adjudication on the Merits."  The underlying final Protection From Abuse (PFA) order against Salem was entered on January 8, 2024.  After review, we affirm.

In its Pa.R.A.P. 1925(a) opinion, the trial court summarized the procedural history in this case, in part, as follows:

On or about December 21, 2023, Galila Ahmed [(Ahmed)] filed a temporary [PFA] against [Salem].  A <u>hearing</u> on the merits of the application for a final [PFA] was scheduled for January 8, 2024.  On January 8, 2024, [Salem] failed to appear for the hearing.  A full hearing was conducted on the record and testimony was taken from the petitioner, [Ahmed].  The order was granted following a full

hearing in which [Salem] chose, by his absence, not to participate.

Following the entry of the Final Order on January 8, 2024, [Salem] filed an appeal to the Superior Court on February 6, 2024. This appeal was denied and dismissed by Order . . . .

Trial Court Opinion (T.C.O.), 7/23/24, at 1.

When Salem appealed the trial court's order granting the final PFA, he failed to file a Pa.R.A.P. 1925(b) statement after the trial court ordered him to do so. This Court issued an order to show cause as to why Salem's appeal should not be dismissed for waiver of all issues due to his failure to file the statement. In response, Salem's counsel asserted that "he never received a request for a Pa.R.A.P. section 1925(b) statement from the trial court or elsewhere." Order, 4/12/24, at 2 (unnumbered). Subsequently, this Court dismissed Salem's appeal for waiver of all issues on April 12, 2024, and the trial court received a certified copy of our order on May 24, 2024.[1]

After dismissal, and around June 4, 2024, Salem filed a "Motion to Vacate Default Judgment of Final Order of Protection From Abuse and Restore Matter to Trial Court Docket for Adjudication on the Merits" with the trial court. The trial court denied that motion on June 5, 2024.

---

[1] Notably, in Salem's first appeal, Salem's counsel filed the completed docketing statement on April 3, 2024, which was well after the due date of March 6, 2024. **See** Order, 4/12/24, at 1 (unnumbered). The trial court also issued an opinion at the time which stated that Salem had failed to order and pay the deposit for the transcripts. **See id.**

Salem timely filed this appeal. Both Salem and the trial court have complied with Pa.R.A.P. 1925. Salem presents the following issue for our review:

1. Did the lower court err in denying the appellant's motion to vacate default judgment from final order granting protection from abuse?

Salem's Brief at 5.

Before addressing Salem's issue, we must first determine whether it is properly before us. The trial court asserts that Salem filed his Motion to Vacate "[i]n an attempt to work around the failure to successfully file an appeal[.]" T.C.O. at 1. Further, "[t]he use of the phrase 'default judgment' in the filing and pursuit of this matter is yet another bald allegation bearing no substance to the facts of the underlying matter." *Id.* at 2. The trial court asserts, "[t]his appeal is seeking to attack the underlying grant of the PFA final Order[,] is far beyond the thirty (30) day limit for filing an appeal[,] and should be dismissed." *Id.* Conversely, Salem challenges the trial court's finding that he had been properly served before the January 8 hearing. *See* Salem's Brief at 13, 15.

There are procedural issues with Salem's initial motion and subsequent appeal. To begin, Salem's filing of a "Motion to Vacate Default Judgment" was improper. The trial court entered its final order granting the PFA against Salem on January 8, 2024. The final order indicates that it was entered after a hearing and decision by the court and that Salem was not present at the

hearing, despite proper service being made. Final PFA Order, 1/8/24, at 2 (unnumbered). The court did not check the box indicating that the order was entered by default. ***Id.*** Further, in its 1925(a) opinion, the trial court confirmed that a full hearing was held on the PFA Petition and testimony was preserved. T.C.O. at 2. Thus, Salem's assertion that the final order was a default judgment is inaccurate.

Nevertheless, after the final order was entered, Salem had options for relief. First, Salem had the right to file an appeal within thirty days of the final order. ***See*** Pa.R.A.P. 903(a). As discussed above, Salem attempted to exercise this option, but his appeal was dismissed for waiver of all issues because he did not comply with the Rules of Appellate Procedure. Second, Salem had the right to file a motion for reconsideration with the trial court within thirty days of the final order, which he did not do. ***See*** Pa.R.C.P. 1930.2(b), Explanatory Comment (clarifying that the "requirement of Appellate Rule 1701 that the motion for reconsideration be filed and granted within the thirty day appeal period is adopted here"). Third, Salem could have petitioned the trial court to modify the final order, which he did not do.[2] ***See*** Pa.R.C.P. 1901.8(c); ***see also*** 23 Pa.C.S.A. § 6117(a).

---

[2] We note that the Explanatory Comment to Pa.R.C.P. 1901.8 states that the trial court has "jurisdiction to modify a protection from abuse order at any time after the filing of a petition for modification, service of the petition and a hearing on the petition." Pa.R.C.P. 1901.8, Explanatory Comment--2013 (citation omitted). "Thus, a party may request that the court modify the order

*(Footnote Continued Next Page)*

Notably, Salem was not permitted to file a motion for post-trial relief, as those motions are not allowed in domestic relations matters, including actions brought under the PFA Act. *See* Pa.R.C.P. 1930.2(a); *see also* Pa.R.C.P. 1901.7(b). As discussed above, the trial court did not enter a default judgment against Salem, so we equate his Motion to Vacate with a motion for post-trial relief. Because Salem's Motion to Vacate was not an appeal, a motion for reconsideration, or a petition for modification, his motion was improper.

Even if the trial court treated his Motion to Vacate as a motion for reconsideration, Salem filed his Motion to Vacate approximately **five months** after the trial court entered the final PFA order. This was well beyond the thirty days allowed for a motion to reconsider. Arguably, given Salem's previously dismissed appeal and the amount of time that had passed, the trial court no longer had jurisdiction to grant the motion. *See Commonwealth*

_____

to expire at an earlier date if the party does not want the order to remain in effect." *Id.* On appeal, Salem does not argue that the trial court should have considered his Motion to Vacate as a petition for modification of the final PFA order. Instead, Salem requests "that the order granting a three year protection from abuse be vacated with the matter restored to the trial docket." Salem's Brief at 15. Further, Salem asserted in his Motion to Vacate that the matter should be restored to the trial court docket for adjudication on the merits. *See* Motion to Vacate at 2 (unnumbered). Salem did not argue in his Motion to Vacate or on appeal that the final PFA order should be modified in any way, including modifying the order to expire at an earlier date. Instead, he argued that the order should be vacated entirely and adjudicated on the merits. Thus, we are not persuaded that the trial court should have treated Salem's Motion to Vacate as a petition for modification.

*v. Charnik*, 921 A.2d 1214, 1218, n.3 (Pa. Super. 2007) (explaining "The PFA order . . . was a final order, from which no motion to reconsider or appeal was filed. The trial court, therefore, had no jurisdiction to set aside that order seven months later.") (citations omitted).

The trial court's order was final, and the court could have acted only if there was extraordinary cause. *See id.* Generally, extraordinary cause is "an oversight or act by a court or judicial process that operates to deny the losing party knowledge of the entry of final judgment so that the commencement of the running of the appeal time is not known to the losing party." *Id.*

Here, Salem argues that the trial court abused its discretion by finding that he was properly served before the hearing. *See* Salem's Brief at 15. He cites notes of testimony from the hearing in support of his argument and has included a transcript of the hearing in his reproduced record. However, the hearing transcript is not included in the certified record we received from the trial court. In its 1925(a) opinion, the trial court noted "[t]he docket does not reflect that the transcript of the Final Hearing was ordered or produced." T.C.O. at 2. We see no evidence that Salem ordered this transcript, which is his duty under our Rules of Appellate Procedure. *See* Pa.R.A.P. 1911(a). It is well settled that the burden is ultimately on the appellant to ensure that the record is complete on appeal. *See* Pa.R.A.P. 1921, Note; *see also, e.g., In re E.P.*, 841 A.2d 128, 130, n.1 (Pa. Super. 2003) (citing *Conner v. DaimlerChrysler Corp.*, 820 A.2d 1266 (Pa. Super. 2003)). It is also well

settled that this Court may review and consider only items that are part of the certified record. *See, e.g., Smith obo M.T. v. Thomas*, ___ A.3d ___, 2024 PA Super 295, *4 (filed December 10, 2024) (quoting *Rosselli v. Rosselli*, 750 A.2d 355, 359 (Pa. Super. 2000)). Thus, by failing to ensure the hearing transcript was part of the certified record, Salem has waived our review of the hearing.[3] *See* Pa.R.A.P. 1911(d); *see also* Pa.R.A.P. 1921, Note.

Additionally, the arguments in Salem's motion and brief seem to contradict his assertion that service of process was not effectuated. In his motion, Salem argued:

> It is averred and therefore believed that service had been made at the Dover Behavioral Health System . . . where [Salem] was receiving inpatient, treatment . . . . Notwithstanding his presence there, . . . [Salem] was never made aware of the pending hearing against him. . . . **Once he finally came into possession of the petition**, his mental state was poor, such that he could not appreciate

---

[3] Although we are not permitted to consider the uncertified hearing transcript in Salem's reproduced record for its merits, we note that it seemingly refutes some of his allegations. Salem asserts multiple errors by the trial court at the hearing including: the trial court "entertained representations" of Ahmed regarding service before she was sworn in as a witness, Ahmed offered translations from Arabic to English without being sworn in or being a certified interpreter, the court did not physically inspect or mark into evidence Ahmed's brother's phone which contained evidence of service of process, the trial court relied on the untested allegations and observations of Ahmed and her brother, and the trial court was required to conduct further inquiry because the brother's testimony was not subject to cross-examination and was potentially biased. *See* Salem's Brief at 13-15. Yet, the uncertified transcript indicates that the trial court did inspect the brother's phone on the record before swearing in the witnesses. *See* R.R. at 5a-7a. Additionally, Salem cited to evidence in the uncertified transcript which shows that the trial court questioned Ahmed's brother, under oath, regarding service of process. *See* Salem's Brief at 14-15. Thus, Salem's arguments would fail on the merits.

- 7 -

the significance of it. Consequently, **he was not in the position to secure counsel or make arrangements to attend the hearing**.

Motion to Vacate at 2 (unnumbered) (emphasis added).

Salem's assertion that he came into possession of the petition, but his poor mental state made him unable to attend the hearing, leads us to infer that Salem was served with the petition before the hearing. If Salem was in possession of the petition before the hearing, then having a poor mental state and being unable to appreciate the significance of the petition does not make service improper. Salem further stated that it was only after the final order was entered that he began to appreciate the consequences of that order. ***Id.*** In his brief, he reiterated that "[c]learly, **if service of process had been made** while [Salem] was receiving inpatient treatment at a psychiatric institution, then it is a fair inference that **upon service** 'he did not begin to appreciate the consequences of same[.]'" Salem's Brief at 13 (emphasis added). Again, this statement seems to indicate that Salem received service of process; he just did not appreciate the consequences of the petition at that time. Nevertheless, Salem's lack of appreciation for potential consequences is irrelevant to an analysis of whether service was proper. Thus, Salem's arguments regarding lack of service do not convince us that extraordinary cause exists to grant him relief.

To conclude, we agree with the trial court that Salem has attempted to again attack the final PFA order through an improper and untimely Motion to Vacate. Neither the trial court nor this Court has jurisdiction to consider the

motion, and Salem failed to persuade us that extraordinary cause should have delayed the time for filing an appeal. Thus, we do not consider the merits of his appellate issue.

Order affirmed.

Judge Stabile joins. Judge Bowes concurs in result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/15/2025