J-S48044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BRIDGETTE WAITES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN EVANS | : | No. 2286 EDA 2024 |

Appeal from the Order Entered August 12, 2024
In the Court of Common Pleas of Delaware County
Civil Division at CV-2021-002704

BEFORE:  STABILE, J., NICHOLS, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED JANUARY 28, 2025**

Bridgette Waites (Mother) appeals *pro se* from the order awarding joint legal custody and shared physical custody of the children she shares with Steven Evans (Father).

The parties have two children: C.W. (born August 2010) and R.W. (born October 2015).  As the trial court observed, custody "has been extensively litigated over the course of four years."  Trial Court Opinion (TCO), 10/1/24, at 1.[1]  On February 9, 2024, Mother filed a petition requesting primary physical custody of the children.  The court held a two-day trial on May 30-31, 2024.  On August 12, 2024, the trial court issued a 38-page order detailing its award

_____

[1] According to Father, Mother has "an extensive history" of "lodging and pursuing baseless abuse claims."  Father's Brief at 15.

of joint legal custody and shared physical custody.[2]  Mother filed a *pro se* notice of appeal on August 28, 2024.

On October 18, 2024, Father petitioned to dismiss the appeal based on Mother's noncompliance with Pa.R.A.P. 1925 (filing of concise statement) and Pa.R.A.P. 2154 (designation of record), as well as Mother's "attempt to mislead the Court by attempting to submit documents not of record."  Petition to Dismiss Appeal, 10/18/24, at 2.  Father "noted that Mother's filing of her appeal contained nine pages of handwritten expression," and stated, "[t]o the extent that these nine pages of expression (contained within [Mother's] Notice of Appeal) are viewed as her 'Statement of Errors Complained of on Appeal,' said Statement substantially fails to conform to the requirements of Rule 1925."  ***Id.*** at 3.  Father averred, *inter alia*, that "the Statements contained in those nine pages are lengthy, redundant, confusing and too vague to properly identify and address the issue or issues to be raised on appeal."  ***Id.***  In addition, Father averred that Mother "has improperly submitted to this Honorable Court copious pages of undesignated documentation that was not and is not part of the certified record."  ***Id.*** at 5 (footnote omitted).

On November 4, 2024, this Court entered a *per curiam* order deferring disposition of Father's petition "to the panel that will decide the merits of this appeal."  Order, 11/4/24.  On November 8, 2024, Father filed a second petition

---

[2] The first page of the order has a typographical error stating that the date of the order is August 30, 2024.  The docket indicates the order was filed on August 12, 2024, and the trial court stated in its opinion that Mother is appealing from the order "dated August 12th, 2024."  TCO at 1-2.

to dismiss this appeal. Father based his second petition on "(a) Mother's material non-compliance with the filing of her Reproduced Record; and/or (b) Mother's attempt to mislead the Court by attempting to submit documents not of record; and/or (c) Mother's material non-compliance with the filing of Mother's Brief." Petition to Dismiss Appeal, 11/8/24, at 2; *id.* at 3-5 (citing, *inter alia*, Pa.R.A.P. 2101 and ***Rosselli v. Rosselli***, 750 A.2d 355 (Pa. Super. 2000)). Again, this Court issued a *per curiam* order deferring disposition to the merits panel. Order, 12/4/24.

The appeal was assigned to this panel on December 30, 2024. Father continues to argue:

> Mother's appeal should be dismissed due to her repeated and material failures to comply with the Rules of Appellate Procedure, including failure to file a conforming Statement of Errors Complained of on Appeal, failure to file her Designation of Record, and material non-compliance with the filing of her Brief and Reproduced Record to include her repeated attempts to mislead the Court by submitting documents not of record.

Father's Brief at 1.[3] We agree.

Notably, there are substantial defects in Mother's brief which impede our review. Mother fails to structure her brief as prescribed in Pa.R.A.P. 2111 (enumerating briefing requirements for appellate briefs), and Pa.R.A.P. 2119 (setting forth requirements for the argument section of appellate briefs).

_____

[3] Father also argues that "even if the procedural defects do not warrant dismissal, Mother's appeal should be denied on the merits." Father's Brief at 1; *id.* at 11-16.

Mother's brief is comprised of a 27-page narrative in which she asserts that the trial court "considered bad evidence" and "made a bad ruling." Mother's Brief at 2 (unnumbered). Mother does not cite any legal authority as required by Pa.R.A.P. 2119(a) (directing an appellant's argument "shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part … the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent"). As Father states, "Mother has not even alleged an abuse of discretion and, instead, simply expresses her displeasure with the decision of the [t]rial [c]ourt and expounds her personal opinions and thoughts." Father's Brief at 11.

Mother does not present a coherent legal argument. When "issues are not properly raised and developed in briefs, [and] when the briefs are wholly inadequate to present specific issues for review, a [c]ourt will not consider the merits thereof." *Elliot-Greenleaf, P.C. v. Rothstein*, 255 A.3d 539, 542 (Pa. Super. 2021) (citation omitted). This Court may dismiss an appeal "if the defects are in the brief or reproduced record of the appellant and are substantial." Pa.R.A.P. 2101. Accordingly, we dismiss this appeal.[4]

_____

[4] We recognize Mother is *pro se*. While this Court is "willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit." *Commonwealth v. Lyons*, 833 A.2d 245, 251–52 (Pa. Super. 2003). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018). A person who represents
*(Footnote Continued Next Page)*

Appeal dismissed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/28/2025

_____

herself in legal proceedings, "must, to a reasonable extent, assume that h[er] lack of expertise and legal training will be h[er] undoing." ***Id.***